[L. A. No. 902.   Department One.—October 22, 1902.]

## KERN VALLEY WATER COMPANY, Appellant, v. COUNTY OF KERN, Respondent.

TAXATION—VERIFIED LIST—INCREASE OF ASSESSMENT—POWER OF ASSESSOR.—The assessor has power to assess other taxable property belonging to a taxpayer who has returned a verified list of his taxable property, without having first issued a subpœna and held an examination pursuant to section 3634 of the Political Code.

ID.—ASSESSMENT OF CANAL—WASHED-OUT PORTION.—The allegation of the owner of a canal in his verified list, that the canal was originally twenty-four miles long, but that only eight or ten miles were in use, which was alone valued by him, that the remainder had not been maintained and had washed out in places, and filled up in others, so as to be valueless as a canal, without alleging that it was permanently injured or abandoned, or had ceased to belong to plaintiff, cannot preclude an assessment by the assessor of the remainder of the canal.

Id.—Assessment of Weirs and Dams—Ownership by Third Person—Equalization.—Weirs and dams connected with the canal which were constructed, maintained, and owned by a third person, are property capable of separate ownership, and should be assessed to the true owner thereof when known. When the name of such owner was disclosed to the assessor by the verified list of the owners of the canal, the assessor had no right to assess the weirs and dams to tne latter; and it was the duty of the board of equalization to correct the roll, when its attention was properly called to the fact.

Id.—Levees of Canal—Improvements.—The levees of the canal, consisting of embankments constructed along its margin to confine the water in its channel, are part of the canal, and are not improvements requiring a separate assessment.

Id.—Mode of Assessment—Rate per Mile—Separate Assessment for Each District.—Canals or water-ditches for irrigating purposes, though required to be assessed at a rate per mile for that portion within the county, must be separately assessed, where situated in two or more school, road, or other revenue districts, as to the portion thereof situated in each district.

Id. — Fraudulent Assessment — Pleading. — An allegation that the assessment was willfully and unlawfully made, and was grossly unjust and unequal, and was made with knowledge on the part of the assessor that it would greatly wrong the plaintiff, does not state facts sufficient to show a fraudulent assessment as against a general demurrer.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge.

The facts are stated in the opinion.

Isaac Frohman, and Frohman & Jacobs, for Appellant.

J. W. Ahern, District Attorney, J. E. Patten, and Alvin Fay, for Respondent.

CHIPMAN, C.—Action to recover $1,177.52 paid under protest by plaintiff for state and county taxes levied in Kern County against plaintiff for the fiscal year ending June 30, 1896.

1. It is claimed that the taxes are void because of assessment of property not belonging to plaintiff. The plaintiff furnished a verified statement of all its property subject to taxation on the first Monday of March, 1895, consisting of land and an irrigating canal, the land being valued at $3,650 and the canal

at $10,000. It was set forth in the sworn statement that this canal was originally twenty-four miles long, but that only eight or ten miles were in use; that the remainder had not been maintained, and had washed out in places and filled up in others, so as to be valueless as a canal; that plaintiff owned no weirs or dams, but that those in the canal were the property of Miller & Lux, who constructed and maintained them at their own cost, under agreement; that notwithstanding said sworn statement, alleged to be true, the assessor listed and assessed against said plaintiff twenty-four miles of irrigating canal, including the dams and weirs, or wing-dams thereat, and levees claimed to be connected therewith, at the sum of $63,650, of which $60,000 was for the canal, dams, and levees (assessed at $2,500 per mile); and, although the assessor stated in the assessment-book that only fifteen miles of the canal was in use, that the assessment was made by the assessor without subpœnaing or examining any person representing the plaintiff, etc., as required by section 3632 of the Political Code, or without citing any such person in court in relation to the sworn statement, pursuant to section 3634 of the Political Code.

It was held in *People* v. *National Bank*, 123 Cal. 63,[1] that where a taxpayer has returned to the assessor a verified list of his property, the assessor has power to assess other taxable property belonging to the same owner, without having first issued a subpœna and having first held an examination as authorized by section 3632 of the Political Code. (See, also, *Savings and Loan Soc.* v. *San Francisco*, 131 Cal. 356; *San Francisco* v. *La Société Française*, 131 Cal. 612.) The allegation as to the "washed-out" condition of a portion of the canal does not show that this portion is abandoned as the property of plaintiff, or that it is permanently injured, or that it has ceased to belong to plaintiff. For all that appears, it is but a temporary interference with the use, and the filled-up portion still forms a part of the canal owned by plaintiff. It is alleged that the plaintiff owned no weirs or dams, but that those in the canal were constructed and maintained by Miller & Lux at their own cost under agreement. Plaintiff states that "weirs or dams are constructed across the canal

---

[1] 69 Am. St. Rep. 32.

to raise the water and maintain it at a level required for irrigation purposes." Ordinarily, weirs or dams in a canal are an inseparable part of it and are realty. Whether they are "improvements," and should be separately assessed, is another question elsewhere to be noticed. The question now is whether they were improperly assessed to plaintiff, the allegation in the statement to the assessor and in the complaint being that they belonged to Miller & Lux. It is quite conceivable that an agreement existed between plaintiff and Miller & Lux by which, for certain water privileges or use of the canal, or other consideration, Miller & Lux were to build the weirs or dams, maintain and own them, and with the right to remove them, and that they became and were the property of Miller & Lux. Whether these weirs or dams were "improvements" under the definition given in section 3617 of the Political Code, and, as such, should have been separately assessed had they belonged to plaintiff, is not now important. They were property capable of separate ownership; and as all property should be assessed to the owner when known, we think the assessor had no right to assess these weirs or dams to plaintiff, and it was the duty of the county board of equalization to correct the roll when its attention was properly called to the fact, as it is alleged was done.

2. It is claimed that the assessment is void because the canal and the improvements were not separately assessed. So far as the weirs and dams are concerned, we have held that, as they belonged to Miller & Lux, they should have been assessed to them, and this whether or not the weirs and dams were improvements. It is unnecessary to determine whether they should have been separately assessed had they belonged to plaintiff. But it is claimed that the levees connected with the canal are "improvements," and should have been separately assessed. Plaintiff states in its brief that "levees are embankments constructed along the margin of the canal to confine it [we suppose by "it" is meant water] within its channel." In providing that the land and its improvements shall be separately assessed, the constitution does not define the term "improvements," but leaves its definition to the legislature, which is given in subdivision 4 of section 3617 of the Political Code, as follows: "1. All buildings, structures,

fixtures, fences, and improvements erected or affixed to the land, except telephone and telegraph lines.'' We do not think this definition can be said to include the embankments or banks forming the margin of a canal, and it was therefore proper to include the levees as part of the canal.

3. It is alleged that the assessment does not show in what school district and road district all the tracts of land assessed and taxed are situated, nor in what school district or road district the canal is situated; that certain tracts of the land assessed were and are situated in two school districts and two road districts in said county, but the part of said tracts of land in each said districts was and is not separately assessed, and so also as to the canal.

Subdivision 2 of section 3650 of the Political Code (Stats. 1895, p. 313) provides: ''When any tract of land is situated in two or more school, road, or other revenue districts of the county, the part in each township or district must be separately assessed. The improvements to be assessed against the particular section, tract, or lot of land upon which they are located.'' Section 3663 of the Political Code provides: ''Water-ditches constructed for . . . irrigating purposes . . . must be assessed the same as real estate by the assessor of the county, at a rate per mile for that portion of such property as lies within the county.'' (Stats. 1895, p. 316.) It is claimed that the canal can be divided into districts and assessed accordingly at a rate per mile for that portion which lies within the county. Section 10 of article XIII of the constitution provides that ''All property, except as hereinafter in this section provided, shall be assessed in the county, city, city and county, town, township, or district in which it is situated, in the manner prescribed by law.'' The exception relates to railroad property alone. From the foregoing provisions of the statute and constitution it appears that water-ditches for irrigating purposes must be assessed the same as real estate in the county; that where any tract of land is situated in two school, road, or other revenue districts, the part in each district must be separately assessed. Section 3663 directs the assessment as to ditches to be at a rate per mile for that portion within the county, but this does not prevent the assessor from separately assessing the portion of the ditch in each district

separately. Each district is entitled to know the number of miles therein as determinative of its proportion of the tax. The same rule holds both as to land and as to a ditch for irrigating purposes. Any other view would not be in harmony with the constitution, which says that "all property," excepting only railroads operated in more than one county, shall be assessed "in the district in which it is situated."

4. There is an allegation that the assessment was willfully and unlawfully made, was grossly unjust and unequal, and was made with the knowledge on the part of the assessor that it would greatly wrong plaintiff. (Citing *Pacific Postal etc. Co.* v. *Dalton,* 119 Cal. 604). An examination of that case will show that the complaint in the present action falls far short of stating facts which, in the case cited, were held to be sufficient to show a fraudulent assessment as against a general demurrer. Other questions involved are disposed of in *Miller* v. *County of Kern,* (L. A. No. 901), *post,* p. 516, this day decided, and need not be referred to here.

Our conclusion is, that the demurrer ought to have been overruled, and hence the judgment should be reversed, with leave to the defendant to answer, should it be so advised.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, with leave to the defendant to answer.

Harrison, J., Van Dyke, J., Garoutte, J.