[Civ. No. 1344. Second Appellate District.—June 2, 1913.]

TEMESCAL WATER COMPANY (a Corporation), Appellant, v. H. H. NIEMANN, as Tax-Collector for the City of Elsinore, Respondent.

TAXATION—PART OF WATER SYSTEM WITHIN MUNICIPALITY—WHERE TAXABLE.—A municipal corporation may assess a part of a water system, that is, canals, pipe-lines, and rights of way, located within the city limits, although the system is appurtenant to land without the municipality.

ID.—ASSESSMENT OF PROPERTY BY CITY AND COUNTY.—A municipality has the right to assess all real property found within its limits for the purpose of maintaining the municipal revenues, and the county taxing officials have the right to levy upon the same property for county purposes.

APPEAL from a judgment of the Superior Court of Riverside County. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Purington & Adair, for Appellant.

Collier & Craig, for Respondent.

JAMES, J.—Plaintiff, a California corporation, alleged in its complaint that at all times mentioned therein it was, as trustee for the use and benefit of its stockholders, the owner of certain real property in the county of Riverside, consisting of canals, pipe-lines, ditches, and conduits for the conveyance and distribution of water for irrigating and domestic pur-

poses to and over a body of land in the county of Riverside and comprising about four thousand five hundred acres; that this land was planted with various kinds of fruit trees and severally owned in different sized pieces and parcels by individuals, and that the land for more than ten years had been supplied with water for the purposes mentioned from the system of plaintiff. It was alleged further that a portion of the lands was included within the boundaries of the city of Corona; that the owners of the land were the owners of the water system and the water which was delivered therethrough, such rights and system being appurtenant to the acreage described; that the assessor of the county of Riverside had regularly each year assessed the lands to the owners thereof who were stockholders of the plaintiff; that the lands situated in the city of Corona were likewise assessed each year; that none of the lands, but certain portions of the canal and pipe-line and rights of way for the same were located within the municipal limits of the city of Elsinore; that the assessor of the latter city had levied a tax of $143.06 against such property of plaintiff; that such assessor had advertised for sale and threatened to sell such canal and pipe-line and rights of way for the purpose of satisfying the amount of the assessment, because of which threatened act an injunction was prayed for. Defendant demurred to this complaint on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained by the court, and plaintiff declining to amend, judgment was entered against it accordingly. This appeal followed.

The contention of the plaintiff is that, as all of the water-rights and the system of works, canals, pipe-lines, and rights of way were appurtenant to the lands referred to in the complaint, the assessor of Elsinore was without authority to tax any part of the water system. One of the contentions made in support of the main argument is that, as the assessment of the lands by the assessor of Riverside County, and also by the assessor of the city of Corona, included the value of the lands themselves, together with all their appurtenances, to allow the city of Elsinore to also levy a tax upon any part of the distributive system would result in a double taxation of plaintiff's property. Under the facts as alleged, however, it does not follow that such would be the legal result of the act of the

assessor of Elsinore. If technical fault were to be taken to the allegations of plaintiff's complaint, it may be said that it does not appear therefrom that the city of Corona as a municipality levied any tax whatsoever against any part of plaintiff's property, but only that a tax was levied upon all of the lands of the plaintiff by the assessor of the county of Riverside. No advantage in argument, however, need be accorded to respondent because of this evident omission in the allegations of plaintiff's complaint. It is conceded, and indeed that matter is not the subject of question, that a municipality has the right to assess all real property found within its limits for the purpose of maintaining the municipal revenues, and that the county taxing officials have the right to levy upon the same property for county purposes. The one question which seems to be presented is as to whether or not the appurtenances such as those described in plaintiff's complaint may be the subject of separate assessment from the lands themselves; in other words, whether for the purposes of taxation the entire water system with its pipe-lines, conduits, and right of way must not be considered as having its *situs* upon the land itself. Attention may be called to an expression of our supreme court touching the policy of the tax law, as it appears in the case of *San Francisco etc. Railway Co.* v. *Scott*, 142 Cal. 222, [45 Pac. 575], where it is said: "It is plainly the general policy of the law that property situated in one county or city should be taxable in that county or city for local purposes for its actual value, and that that local subdivision alone should have the benefit of this value for the purpose of raising its revenue. This indeed is the basis of all local taxation, and it is recognized . . . that the property which receives the benefit of local government shall pay its proportion of the expenses thereof, apportioned according to actual value." Section 10 of article XIII of the constitution provides: "All property, except as hereinafter in this section provided, shall be assessed in the county, city, city and county, town, township, or district in which it is situated, in the manner prescribed by law." And by section 3663 of the Political Code it is provided that: "Water-ditches constructed for mining, manufacturing, or irrigating purposes, and wagon and turnpike toll-roads must be assessed the same as real estate by the assessor of the county, at a rate per mile.

for that portion of such property as lies within his county."
In making application of these provisions to a tax case involv-
ing the manner of the assessment of water-ditches, it is said
in *Kern Valley Water Co.* v. *County of Kern,* 137 Cal. 511,
[70 Pac. 476] : "From the foregoing provisions of the statute
and constitution it appears that water-ditches for irrigating
purposes must be assessed the same as real estate in the
county; . . . Section 3663 directs the assessment as to ditches
to be at a rate per mile for that portion within the county,
but this does not prevent the assessor from separately assess-
ing the portion of the ditch in each district separately. Each
district is entitled to know the number of miles therein as
determinative of its proportion of the tax. The same rule
holds both as to land and as to a ditch for irrigating pur-
poses. Any other view would not be in harmony with the
constitution. . . ." It is urged, however, by counsel for ap-
pellant that section 3663 of the Political Code does not apply
where the water and the system used for its transportation
are appurtenant to land which lies wholly without the limits
of the municipality levying the tax. The case of *Coonradt*
v. *Hill,* 79 Cal. 587, [21 Pac. 1099], is cited. In that case
the facts were different, as will appear by what was therein
said by Chief Justice Beatty: "We do not think it by any
means clear that defendant was required, under a proper
construction of the revenue law, to include his ditch and
water-right as a separate item in his return to the assessor.
This is not the sort of ditch to which section 3663 of the
Political Code seems to refer. It is a small ditch supplying
water for domestic purposes, watering stock, and irrigating a
small and definite tract of land. It is used solely in connec-
tion with, is appurtenant to, and passes by conveyance of
that tract of land. (Civ. Code, sec. 662; *Farmer* v. *Ukiah
Water Co.,* 56 Cal. 11.) It would seem that the ditches re-
ferred to in the above cited section of the Political Code are
those which are constructed on a large and extensive scale,
not appurtenant to any particular land, but held in gross
and operated for the supply of communities and neighbor-
hoods for mining, manufacturing, irrigating, and other pur-
poses." The specifications used by the chief justice in defin-
ing what kind of a ditch should be separately assessed, and
what not, seem to argue rather against than in favor of ap-

pellant's contention. The canals and pipe-lines here involved were constructed on a large scale and were apparently held in gross and operated for the supply of a large community. It reasonably appears from the allegations of the complaint that the entire townsite of the city of Corona was made up of a portion of the four thousand five hundred acres of land, and that a large body of the land extended without the limits of that municipality. It may be said also that in the case just quoted from, the particular point discussed was not considered necessary to the decision of the case. *Coonradt* v. *Hill* was again referred to in *Frederick* v. *Dickey,* 91 Cal. 358, [27 Pac. 742], where a water-ditch appurtenant to a certain mill was held to be included in the assessment of the latter. Appellant has also cited the case of *Appeal of the Des Moines Water Co.,* 48 Iowa, 324. In that case the holding of the court was that where, within a municipality which contains two townships, and where the law directed the assessment for city purposes to allot to the several townships the property assessed as being located therein, and where the assessor included in the assessment of a waterworks situated in one township a tax upon its pipe-lines which extended into another township, such assessment was not invalid. The assessment there considered was one for municipal purposes and no question was presented as to a conflict between taxing powers. However, in so far as that case may seem to furnish authority for the position claimed by appellant, it must be answered that the statutes and constitution of this state contemplate a procedure different from that which was held to be a proper one under the facts considered by the Iowa court. Here the canals, pipe-lines and rights of way attempted to be assessed by the city of Elsinore all had their physical existence within the municipal limits and were entitled to whatever protection that the city afforded for their preservation. It could hardly be contended that if an extensive water producing or pumping plant, with its buildings, pipes, and wells had been located within the limits of the city of Elsinore, although used to supply land to which the water-rights were appurtenant lying wholly without the limits of the city, the municipality of Elsinore would have no right to collect a tax upon that property in aid of the

support of the city government; and yet that is precisely the contention made by appellant.

It is not made to appear by the complaint of plaintiff that respondent's act in assessing the property of plaintiff found within his jurisdiction will result in a double assessment being made thereon, or that respondent was without authority to make any assessment against such property because it was an appurtenance of lands lying outside of the limits of his city. The theory of the tax law seems to contemplate that the assessment shall be made as it was made by this assessor, and his demurrer to plaintiff's complaint was, therefore, properly sustained.

The judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.