In re Taxes, Pineapple Companies, 19 Haw. 193.

IN RE ASSESSMENT OF TAXES, WAHIAWA CON-
SOLIDATED PINEAPPLE COMPANY, LTD., HA-
WAIIAN PINEAPPLE COMPANY, LTD., PEARL
CITY FRUIT COMPANY, LTD., HONOLULU
PACKING COMPANY, LTD.

APPEALS FROM TAX APPEAL COURT, OAHU.

IN RE ASSESSMENT OF TAXES, HAIKU FRUIT AND
PACKING COMPANY, LTD.

APPEAL FROM TAX APPEAL COURT, MAUI.

IN RE ASSESSMENT OF TAXES, HILO FRUIT COM-
PANY, LTD.

APPEAL FROM TAX APPEAL COURT, HAWAII.

IN RE ASSESSMENT OF TAXES, KAUAI FRUIT AND
LAND COMPANY, LTD.

APPEAL FROM TAX APPEAL COURT, KAUAI.

SUBMITTED SEPTEMBER 28, 1908.          DECIDED OCTOBER 5, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

TAXATION—*exemption under statute.*

S. L. 1907, Act 77, exempting all property, real and personal,
used in the cultivation and production of pineapples does not
exempt establishments for canning pineapples.

A proviso that such exemption shall not apply to land in excess
of forty acres does not limit the exemption of personal property.

CONSTITUTIONAL LAW—*repeal of exemption.*

A general exemption from taxation for a definite period is
repealable by subsequent legislation.

OPINION OF THE COURT BY BALLOU, J.

The above entitled cases, involving the taxation of the prop-
erty of pineapple companies, were submitted together, the

companies claiming an exemption of all real and personal property with the exception of forty acres of land each, including in their claim for exemption their establishments for canning pineapples. The Honolulu Packing Company, Ltd., holds more than forty acres of land under lease but has no cannery. The remaining Oahu corporations have each more than forty acres either in fee simple or leasehold and their own canneries. The tax appeal court of Oahu allowed the total exemption claimed and the tax assessor appealed. The Haiku Fruit and Packing Company, Ltd., holds more than forty acres of land and owns its own cannery. Its claim of exemption was sustained by the tax appeal court of Maui and the tax assessor appealed. The Hilo Fruit Company, Ltd., does not maintain a plantation but owns a cannery. The tax appeal court of Hawaii sustained the assessment made by the assessor and the taxpayer appealed. The Kauai Fruit and Land Company, Ltd., owns less than forty acres of land and a cannery. The tax appeal court of Kauai held that S. L. 1907, Act 77, did not go into effect until the completion of the five-year term of exemption granted by R. L. Sec. 1223, and granted a full exemption under that section, from which decision the tax assessor appealed.

The issues involve the construction of S. L. 1907, Act 77, which was passed over the governor's veto April 17, 1907, and reads as follows:

"Section 1. That Section 1223 of the Revised Laws of Hawaii is hereby amended so as to read as follows:

"Section 1223. Property used in certain industries. For the five years from December 31, 1907, all property, real and personal, solely and actually used in the cultivation and production of sisal fibre, castor oil, copra, vanilla extract, Hawaiian starch, pineapples, arrowroot and manioca starch (Kasawa), shall be exempt from property taxes thereon; provided, however, that such exemption shall not apply to any land in excess of forty acres used by any one person, firm or corporation in the cultivation and production of pineapples,

"Section 2.   This Act shall take effect from and after the date of its approval."

In support of the claim that canneries are exempt from taxation it is argued that the word "pineapple" applies equally to the canned and the fresh fruit; that it is impossible to market the bulk of the Hawaiian crop without canning; that all the other articles enumerated, with the possible exception of arrow-root, are manufactured articles; and that no reason appears for exempting the necessary machinery in those cases which is not applicable to canning machinery.   It is also urged that under the statute now amended the tax assessors have hitherto exempted canneries, and that this is entitled to weight as an executive construction.   While these arguments have consider-able strength, we are nevertheless of the opinion that the cul-tivation and production of pineapples ceases when the pine-apple is produced, and that this would ordinarily be under-stood to refer to the fresh fruit commonly known and marketed under that name.   In the process of canning the fruit is turned to a uniform size, cored, sliced, preserved in its own juice with the addition of a certain amount of sugar, and hermetically sealed in tin cans.   The marketable portions of the fruit lost in this process are canned in other forms.   "The production of pineapples" does not appear to be apt language for describing this process.   The general rule that an exemp-tion from the equal burden of taxation must be clearly ex-pressed in order to be available is in this case strengthened by the restrictive words "solely and actually" inserted by this amendment, while the limitation upon the exemption of land negatives any general intent to exempt the entire pineapple industry.

The various tax assessors construed the exemption as ap-plicable only to forty acres of land and to the personal property necessary to a plantation of that size.   We are, however, un-able to find in the statute any limitation upon the exemption

of personal property solely and actually used in the cultivation and production of pineapples.  It might perhaps have been more logical for the legislature, when limiting the exemption of land to forty acres, to have limited the exemption of personal property to that adapted to the cultivation of that area, but such limitation is nowhere expressed in the statute and we see no necessity for putting a forced construction upon the word "land" in order to accomplish that result.  In some legal connections the word is no doubt used as coextensive with "real property," but primarily it means "the soil, or a portion of the earth's crust" (*Frederick v. Dickey,* 91 *Cal.* 358), including land held under lease as well as in fee simple, and the exemption of forty acres would necessarily carry an exemption of the growing crop thereon.

In regard to the point upon which the Kauai case was decided, the act by its terms takes effect from and after the date of its approval and specifies definitely the period during which exemptions are to be in effect.  The statute thus cuts short one year the unlimited exemption as to pineapple land granted by the original section of the Revised Laws.  We have nothing to do with the propriety of this if it was within the power of the legislature, and the authorities are uniform in holding that a general exemption from taxation for a definite period does not constitute a contract with those who have expended money upon its faith, but is repealable by subsequent legislative action.  *Welch v. Cook,* 97 U. S. 541.

Our conclusion is that the statute exempts from taxation all personal property and all real property other than land, solely and actually used in the cultivation and production of pineapples, and all land up to forty acres so used by any one person, firm or corporation, but does not exempt establishments for the canning of pineapples, whether owned by the planter or by an independent corporation.

Decrees will be entered accordingly.

In re Taxes, Pineapple Companies, 19 Haw. 193.

*Kinney & Marx* for Kauai Fruit & Land Company, Ltd.

*Smith & Lewis* for Haiku Fruit & Packing Co., Ltd.

*L. A. Thurston* and *Antonio Perry* for the Oahu and Hawaii corporations.

*William L. Whitney, Deputy Attorney General,* and *C. R. Hemenway, Attorney General,* for the tax assessors.