# IN RE ASSESSMENT OF TAXES, WAHIAWA CONSOLIDATED PINEAPPLE COMPANY, LTD., HAWAIIAN PINEAPPLE COMPANY, LTD., PEARL CITY FRUIT COMPANY, LTD., HONOLULU PACKING COMPANY, LTD., AND HAIKU FRUIT AND PACKING COMPANY, LTD.

MOTIONS FOR JUDGMENTS.

ARGUED OCTOBER 17, 1908.                DECIDED OCTOBER 20, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

TAXATION—*exemption of growing crops of pineapples.*

Under S. L. 1907, Act 77, exempting all property, real and personal, used in the cultivation and production of pineapples, provided that such exemption shall not apply to land in excess of forty acres, growing crops of pineapples on land in excess of forty acres are not exempt.

OPINION OF THE COURT BY BALLOU, J.

In the main opinion in these cases (*In re Taxes, Pineapple Companies,* 19 Haw. 193), the court intended to decide that growing crops on land in excess of forty acres were not exempt. On the tax assessors' motions for judgments, including assessments on growing crops of pineapples on land in excess of forty acres, the taxpayers point out that the decision was ambiguous on this point and claim that all growing crops are exempt. This is on the theory that the growing crop of pineapple plants is one of the factors by which pineapples are cultivated and produced, and that as such growing crops are personal property within R. L. Sec. 1215, which declares that the term "personal property" shall for the purposes of taxation include growing crops, they are not subject to taxation.

We agree that growing crops are used in the cultivation and production of pineapples within the meaning of the statute.

The legislature, however, in providing "that such exemption shall not apply to any land in excess of forty acres" did not, as we have already held, use the word "land" as coextensive with "real property," but in its ordinary legal meaning which would include the crops on or in it the same as grass, trees, buildings or other things annexed to or a part of it. Counsel for the taxpayers assume that holding growing crops to be included in the term "land" would be inconsistent with the statute declaring them to be personal property. The fallacy lies in the assumption that land is necessarily real property. On the contrary the various elements of land are divided by the statute between real and personal property. Fee simple lands with buildings, fences, improvements, etc., are declared to be real property (R. L. Sec. 1214) while leaseholds, chattel interests in land and growing crops are declared to be personal property. (R. L. Sec. 1215). An exemption of "land" would thus exempt both statutory real and statutory personal property, and conversely the proviso in question cuts into both classes and limits the exemption of leaseholds and growing crops equally with fee simple lands.

The conclusion of the court in the main decision is awkwardly expressed, but unless the words "other than land" be held to modify "all personal property" as well as "all real property" it could be equally well argued that a thousand acre leasehold had been decided to be exempt as coming within the term "all personal property" defined by the statute. All ambiguity may be removed by the explanation that "other than land" was intended to modify all personal property as well as all real property, and that the word "land" includes leaseholds, chattel interests in land, and growing crops, though declared by the statute to be personal property, equally with fee simple lands, buildings, fences, improvements, etc., declared by the statute to be real property.

In re Taxes, Pineapple Companies, 19 Haw. 230.

The motions for judgments are granted as presented and the assessments fixed as follows: Wahiawa Consolidated Pineapple Company, Ltd., $88,875; Hawaiian Pineapple Company, Ltd., $118,094.93; Pearl City Fruit Company, Ltd., $49,-995.00; Honolulu Packing Company, Ltd., $23,125.00; Haiku Fruit & Packing Company, Ltd., $21,431.45.

*W. L. Whitney, Deputy Attorney General,* for the tax assessors.

*L. A. Thurston* and *A. Perry* for taxpayers.