MARGARET McNOBLE, Respondent, *v.* JOSE JUSTINIANO, Appellant.

Adverse Possession — Title Acquired by — Payment of Taxes Essential. — Under section 325 of the Code of Civil Procedure, the title to a piece of land forming part of a larger tract, which is assessed as an entirety to the real owner, cannot be acquired by adverse possession unless the adverse claimant pays or offers to pay the taxes on the land in his possession.

Appeal from a judgment of the Superior Court of Calaveras County.

The action was brought to recover the possession of certain land forming part of a tract of 160 acres alleged to belong to the plaintiff. The defendant pleaded the statute of limitations. The court found that for more than ten years prior to the commencement of the action the defendant had been in the actual, exclusive, uninterrupted, and continuous possession of the land, claiming the same in his own right, and that during this period the entire 160 acres had been assessed to the plaintiff, and the taxes thereon paid by her. Judgment was rendered in favor of the plaintiff. The further facts are stated in the opinion of the court.

*Reddick & Solinsky*, for Appellant.

*Wesley K. Boucher*, for Respondent.

McKinstry, J. — The demanded premises are described in the complaint, and are a portion of a larger tract of

160 acres. The court found that taxes were assessed on the 160-acre tract for the fiscal years 1877–78, 1878–79, and 1879–80; that they were assessed to and paid by the plaintiff, and that defendant paid none of the taxes.

The proviso to section 325 of the Code of Civil Procedure reads as follows:—

" Provided, however, that in no case shall adverse possession be considered established under the provisions of any section or sections of this code unless it shall be shown that the land has been occupied and claimed for the period of five years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, state, county, or municipal, which have been levied and assessed upon such land."

Taxes were assessed on the land of which defendant claims to have had the adverse possession. It is said that taxes were not so assessed because there was no separate assessment of such land. Certainly the plaintiff was not required to recognize the land alleged to have been occupied by the defendant as a separate tract by listing it for purposes of assessment separately. It does not appear that the defendant gave or offered to the assessor a list of his property containing a description of the land of which he claimed to be possessed. Had he done so, and offered to pay the tax, a different question might have been presented. Under the circumstances, the defendant was not relieved of the consequences of a failure to pay the taxes by the fact (if such be the fact) that after the assessment was made he could not pay the taxes on the land of which he claimed the possession without paying those assessed on the larger tract including such land.

It is insisted, however, that the whole purpose of the proviso is to secure the payment of taxes to the government, and inasmuch as the taxes were paid by the plaintiff, the law of the proviso was complied with. It would be a strange result if, under a law which provides that

an adverse possession can only be made out by proof of the payment of the taxes by the adverse possessor, the payment of the tax by one who is undoubtedly the owner of the land, unless the adverse possession is established, should inure to the benefit of him who seeks to make out an adverse possession. If this were the rule, the plaintiff here could never discharge his duty to the government, or preserve his title, except by aiding in the establishment of an adverse title. If, as we said with reference to the other point, the defendant had done all that he could do toward paying the taxes, — if he had sought to have the lesser tract separately assessed, and had tendered the taxes on it, — a different question might be presented. It is not the sole purpose of the statute that the taxes should be paid by somebody. The payment of the taxes by the adverse claimant is made a necessary element of adverse possession, without proof of which the adverse possession cannot be established.

One can acquire title to real property by adverse possession only to the extent and in the manner provided by statute. It was for the legislature to fix the period of limitation, and to declare what facts must be proved to establish an adverse possession for the period of the statute. With the policy or expediency of the law we have no concern, and are not authorized to interpolate in the statute words which shall give to a defendant who has not paid the taxes nor attempted to pay them the benefits of adverse possession in case the plaintiff has paid them. In the case at bar, the plaintiff was entitled to recover the demanded premises unless the defendant proved that he had paid the taxes; or unless, at least, he proved that he attempted to pay them, but was prevented from paying them by the action of the assessor or tax collector.

Judgment affirmed.

Ross, J., and Myrick, J., concurred.