[No. 12504. In Bank.— July 3, 1889.]

IRVING A. COONRADT, Appellant, v. GEORGE R. HILL, Respondent.

Water Right — Appropriation by Ditch — Adverse Possession — Statute of Limitations — Payment of Taxes. — When the water of a natural stream has been diverted by means of a dam and ditch, and has been used adversely to a lower riparian proprietor for more than five years as an appurtenance to the land of the appropriator, and no separate taxes have ever been levied or assessed upon the ditch and water right, the defense of the statute of limitations is made out. It must be presumed that the appropriator paid whatever taxes were due from him upon the ditch and water right by reason of the enhanced value of the land to which it was appurtenant, and that the situation of the ditch and water right, and the disadvantages and benefits resulting to the riparian owner were considered by the assessor in assessing his land.

Id. — Code Requirements as to Appropriation — Statute of Limitations — Estoppel — Evidence. — So far as defenses to an action for diversion of water are founded upon the statute of limitations and equitable estoppel, it is immaterial whether the defendant or his grantor made an appropriation of the water in compliance with the code requirements as to posting notices, etc., or not. To sustain those defenses, the actual construction of the ditch which diverted the water may be shown without preliminary proof of the posting or recording of notices. Evidence as to the convenience and necessity of the ditch to the land of the appropriator is relevant to the defense of estoppel, and to show that the water right became appurtenant to the land and passed with it to defendant.

Id. — Water Right as an Appurtenance — Deed — Evidence. — When a ditch and water right clearly passed by a deed of land as an appurtenance thereto, the admission of evidence that the actual intention and understanding of the parties were to include them in the sale cannot be prejudicial error.

Appeal from a judgment of the Superior Court of Butte County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Hundley & Gale*, for Appellant.

*F. C. Lusk*, for Respondent.

BEATTY, C. J.—Clear Creek is a natural stream flowing in a southerly direction through the middle of the east half of section 23 of a certain government township in Butte County.

In August, 1876, the government title to the southwest quarter of the same section vested in John Powers, who, in the fall of that year, completed the diversion of a portion of the water of Clear Creek from its natural channel to said southwest quarter, where the same has been since continuously used by him and his successor, the defendant, Hill, for watering stock, for domestic purposes, and for irrigating their crops and orchards.

This diversion and appropriation was effected by means of a dam placed in the stream about the middle of the northeast quarter of the section, and a ditch heading at the dam and extending thence southerly through said northeast quarter, and southwesterly through the southeast quarter to the line of said southwest quarter.

In 1879, said southeast quarter was patented to the California and Oregon Railroad Company, in pursuance of grants contained in certain acts of Congress passed in 1866, 1868, and 1869. In 1882, the plaintiff, Coonradt, acquired the title of the railroad company to the west half of said southeast quarter, across which Clear Creek flows in its natural course, and through which the Powers ditch extends. Four years after thus becoming the owner of the land crossed by the Powers ditch, and riparian proprietor on the creek below the point of his diversion of the water, viz., in July, 1886, Coonradt commenced this action, in which he seeks to have it adjudged that defendant has no title to the ditch, and

no right to maintain it or to divert any part of the waters of Clear Creek through it. To sustain his suit, he relies upon his riparian right to the full natural flow of the stream as against one whose land does not border upon it, and who, as he contends, has made no valid appropriation of the water which he is diverting.

The defendant relies upon three separate defenses: 1. A valid appropriation of the water by Powers under license of the government while it was property of the government; 2. The statute of limitations; and 3. An equitable estoppel arising out of the acts and declarations of the plaintiff by which he (defendant) was induced to purchase the Powers land in the belief that the ditch and water right were appurtenant to it.

The findings and conclusions of the superior court were expressly in favor of defendant as to the last two defenses, and substantially supported the first. The plaintiff appeals from the judgment entered in conformity to the findings, and also from an order overruling his motion for a new trial.

We perceive no error in any of the findings or conclusions of the superior court, but it is unnecessary to consider or to pass upon all the points covered by the discussion of counsel.

It is very clear to our minds that the defense based upon the statute of limitations was fully made out, and it will be sufficient to notice the points relating to that part of the case.

Every fact respecting the character and duration of the possession and use of the ditch and water by defendant and his predecessor, required to establish a prescriptive right to such possession and use, is found upon testimony entirely satisfactory and substantially uncontradicted. With respect to this ground of defense, the appellant urges but one objection to the conclusions of the superior court, and that is founded upon the amendment of April, 1878, to section 325 of the Code of Civil

Procedure, which requires, in addition to adverse possession, the payment by the holder of "*all taxes which have been levied and assessed upon such land.*"

With respect to this point, the finding of the superior court is: "That no taxes have ever been levied or assessed against said ditch and water right, or either, at any time during their existence, for any purpose whatsoever."

Notwithstanding this finding, the appellant contends that the defendant did not bring himself within the statute, and is not entitled to plead it. For he says this ditch and water right were of value; they ought to have been assessed, and ought to have borne their share of taxes. If they did not, it was solely because the defendent fraudulently evaded the duty cast upon all property owners by the statute of including in their sworn returns to the assessor all property owned or claimed by them and subject to taxation. And he argues that the defendant should not be allowed to avail himself of the benefits of a law the policy of which he has thus circumvented.

We do not think it by any means clear that defendant was required, under a proper construction of the revenue law, to include his ditch and water right as a separate item in his return to the assessor. This is not the sort of ditch to which section 3663 of the Political Code seems to refer. It is a small ditch supplying water for domestic purposes, watering stock, and irrigating a small and definite tract of land. It is used solely in connection with, is appurtenant to, and passes by conveyance of that tract of land. (Civ. Code, sec. 662; *Farmer* v. *Ukiah Water Co.*, 56 Cal. 11.) It would seem that the ditches referred to in the above-cited section of the Political Code are those which are constructed on a large and extensive scale, not appurtenant to any particular land, but held in gross and operated for the supply of communities and neighborhoods for mining, manufacturing, irrigating, and other purposes.

But we need not decide this point, for under the law as it is written and as it has been construed and applied in this court, the defendant was not excluded from the benefit of his plea of the statute of limitations unless the property which he claims to have held adversely was actually assessed. (*Ross* v. *Evans*, 65 Cal. 440; *Heilbron* v. *Last Chance Co.*, 75 Cal. 117.)

The doctrine of these cases, however, does not entirely dispose of appellant's objection, for he contends that the easement claimed by defendant in his land, although not assessed separately and *eo nomine* to any one, was virtually and in effect assessed to him. He says: "My land, and the entire property therein, has been assessed to me, and I have paid the taxes. But the easement claimed by defendant is an interest in my land. If his claim is well founded, I own my land *minus* the easement which he owns. He should pay the taxes on that, and I only upon what remains after that is deducted."

In support of this position he cites the case of *McNoble* v. *Justiniano*, 70 Cal. 395.

That was an action to recover 160 acres of land, part of a larger tract belonging to plaintiff, the whole of which had been assessed to her, and upon which she had paid all the taxes. The defendant, although he had been for ten years in adverse possession of the demanded premises, had never returned them for separate assessment to himself, and had never offered to pay the taxes on them. It was held that his plea of the statute of limitations could not be sustained.

But this case is essentially different. There the land was assessed by the acre and in proportion to its extent. Necessarily the plaintiff had paid the full amount of taxes upon every acre of land in dispute, and the defendant had paid nothing.

In this case the defendant paid taxes on the land in connection with which the ditch was used and which was benefited thereby. The evidence shows that the

land with the ditch was valuable, produced good crops and grew fruit-trees, etc., and that without the water it would be comparatively useless. It is fair to presume, therefore, that the value of the water right was no greater than the enhanced value of the land to which it was appurtenant, and that in paying taxes on his land the defendant paid taxes on the water right. On the other hand, there is no legal presumption or necessary inference that the ditch and water flowing therein either enhanced or diminished the value of plaintiff's land. Land so situated may be damaged, or may be benefited, and it must be presumed that the assessor, seeing plaintiff's land as it was, crossed by a ditch in the sole and exclusive use of defendant, made proper allowance for its advantages and disadvantages in valuing the land. As matter of fact, the evidence shows that plaintiff was greatly benefited by the ditch. Without going above the line of his own land, he could not divert any water from the creek, although an abundance was flowing therein, so as to bring it where he could use it, and up to the day he brought this action he never had acquired any right to divert the water on the lands above him.

The defendant and his predecessor, Powers, however, had for ten years enjoyed the right of diverting the water at their dam on the northeast quarter of the section, and by that means were enabled to conduct it across the higher parts of plaintiff's land, who, by their permission, when they did not require the full capacity of their ditch, made use of it for his own purposes and to his great advantage. His land, therefore, during the time of the running of the statute, was worth more by reason of the ditch than it would have been without it; and if it was assessed merely as so much land, and wholly without regard to the ditch, he paid less taxes rather than more than he ought to have paid. Certain at least it is, the evidence does not show, and there is no ground for presuming, that he paid, and defendant

failed to pay, taxes on the thing to which defendant asserts a prescriptive right, and consequently the decision in *McNoble* v. *Justiniano, supra,* does not apply.

In this view, the exception to the testimony of the defendant as to the manner in which the assessor regarded the ditch when assessing the land becomes immaterial. In the absence of the testimony, the court would·have presumed that the advantages and disadvantages of the ditch had been considered in assessing the land.

As to other errors assigned by appellant, and based upon exceptions taken to rulings of the superior court in the course of the trial, it is sufficient to say that so far as the defenses founded upon the statute of limitations and equitable estoppel are concerned, it is immaterial whether defendant or his grantor made an appropriation of the waters of Clear Creek in compliance with the code requirements as to posting notices, etc., or not.

To sustain these defenses, the actual construction of the ditch could be shown without showing the preliminary posting or recording of notice.

There was no error in admitting evidence as to the convenience and necessity of the ditch to the Powers place. Such evidence was relevant and material to the defense of estoppel, and also to show that the water right was appurtenant to the land, and passed to the defendant by grant of the land.

The evidence admitted over plaintiff's objection as to the actual intention and understanding of the parties at the time of defendant's purchase of the Powers place, to the effect that they all understood that the ditch and water right was included in the sale, and was to pass by the deed as appurtenant to the land, if incompetent, was clearly not prejudicial. In the absence of such testimony, no other construction could have been given to the deed.

LXXIX. CAL.—38

The other assignments of error relate exclusively to the other defenses, and need not be considered.

Judgment and order affirmed.

WORKS, J., McFARLAND, J., SHARPSTEIN, J., PATERSON, J., and THORNTON, J., concurred.