[No. 14015.   In Bank. — September 23, 1891.]

## A. FREDERICK ET AL., RESPONDENTS, *v.* D. R. DICKEY, APPELLANT.

WATER-DITCH — INJUNCTION BY MILL-OWNERS — RIGHT OF WAY — AD-VERSE POSSESSION — EVIDENCE — NOTICE OF LOCATION OF WATER RIGHT — ADVERSE CLAIM. — In an action by mill-owners to enjoin interference by the defendant with a water-ditch leading to their mill across his land, in which the right of way for the water-ditch is claimed to have been perfected by adverse possession, a notice of location of the water right originally claimed by the grantor of the plaintiffs, who constructed the ditch, is admissible as evidence tending to show an adverse claim, whether the location was or was not made in accordance with the provisions of the code.

ID. — ADVERSE POSSESSION — PAYMENT OF TAXES — CONSTRUCTION OF CODE — "LAND" — EASEMENTS OR APPURTENANT RIGHTS. — It seems that the word "land," as used in section 325 of the Code of Civil Procedure, which provides that one claiming adverse possession of land must show that he has paid all taxes assessed upon said land, is not co-extensive with "real property," but has its common and primary meaning, of "the soil, or a portion of the earth's crust," and was not intended to apply to mere easements or appurtenant rights.

ID. — DITCH APPURTENANT TO MILL — PAYMENT OF TAXES ON MILL. — If it be conceded that section 325 of the Code of Civil Procedure applies to a water-ditch and right of way therefor, yet where the ditch and right of way are appurtenant to mill property belonging to the party claiming the adverse possession, they will be considered as included in the assessment of the latter; and proof of the payment of all the taxes assessed upon the mill property is a sufficient showing of the payment of the taxes for the ditch and right of way.

ID. — MORTGAGE TAX — LEVY UPON "LAND" — CONSTRUCTION OF CODE — EVIDENCE — PAYMENT BY MORTGAGEE. — If, during one of the years of the alleged adverse possession, the property was mortgaged to an amount exceeding its value, there was no tax levied upon "the land,"

within the meaning of section 325 of the Code of Civil Procedure, and the adverse claimant need not show the payment by the mortgagee of the tax upon the mortgage.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

Exhibits A and B, referred to in the opinion of the court, consist of two several conveyances under which plaintiffs deraigned title to their mill and to the water right and ditches in controversy, and each of which was objected to as immaterial, irrelevant, and incompetent, and upon the grounds that the complaint states no cause of action, and does not sufficiently describe the right of way. The notice of location of the water right claimed by the plaintiffs' grantor, B. F. Matthews, was offered " for the purpose of showing that Mr. Matthews claimed under a right, and not for the purpose of showing that it was a sufficient appropriation under the act," and was objected to as irrelevant, immaterial, and incompetent. Further facts are stated in the opinion of the court.

*Waters & Gird,* and *William G. Webb,* for Appellant.

*Goodcell & Leonard,* and *Ezra Crossman,* for Respondents.

McFARLAND, J. — This action was brought to enjoin defendant from destroying or interfering with a certain water-ditch, a portion of which runs through defendant's land. Judgment went for plaintiffs, and defendant appeals.

The court found that plaintiffs and their grantors, for ten years next before the commencement of the action, were the owners of a certain mill; that said water-ditch and right of way for the same were appurtenant to said mill, and used solely for the purpose of operating the same; and that plaintiffs and their grantors for ten years had been in the open and adverse possession of said ditch and right of way, except that such use and possession of the same where it crosses defendant's land was

adverse only after October 19, 1881, which was about seven years before the commencement of the action.

We see nothing in the objections to the introduction of the deeds marked Exhibits A and B. Neither was the objection to the introduction of a notice of location of the water right made by plaintiffs' grantor, Matthews, made in 1873, a good one. Whether or not the location was made in accordance with the provisions of the code, it was admissible as evidence tending to show an adverse claim, for which purpose alone it was offered. (See *Coonradt* v. *Hill,* 79 Cal. 593.)

The real question in the case is, whether or not plaintiffs and their grantors held the ditch, water right, and right of way over defendant's land *adversely* to defendant and his grantors; and a discussion of this question here would simply be a review of the evidence. The evidence clearly shows that plaintiffs and their grantors were in the possession and use of the ditch for a much longer period than the one found by the court, — some of the witnesses putting it at sixteen years.

Appellant contends that during this long period it was held and used merely under a parol license revocable at any time by appellant or his grantors; while respondents contend that it was held under a *grant,* which, although at first invalid because not in writing, ripened into title by adverse user, — having always been held under claim of title. And while on this issue the evidence was, no doubt, somewhat conflicting, it was amply sufficient to justify the finding of the court.

Upon the question of adverse possession, appellant invokes section 325 of the Code of Civil Procedure, which provides that one claiming adverse possession of land must show that he has paid all taxes assessed upon said land. It is doubtful if the word "land," as used in that section, was intended to have any other than its common meaning. In some legal connections it is, no doubt, used as co-extensive with " real property," but primarily it means "the soil, or a portion of the earth's crust." The sections of the code upon the subject of adverse

possession which precede section 325 — except sections 324 and 327, which are immediately connected with it — all use the more general words "real property," "real estate," or "property"; but section 325 and the two preceding sections use the word "land," and speak of methods of adverse holding which apply only to land in its common meaning, as "cultivated" and "protected by a substantial inclosure," and used "for purposes of husbandry, or for pasturage." In the very section 325 it is first provided that in order to constitute adverse possession, *land* is deemed to have been possessed, — "1. Where it has been protected by a substantial inclosure; 2. Where it has been usually cultivated or improved"; and then it provides that the possession shall not be considered adverse unless "'the land' has been occupied, etc., and the claimant shall have paid the taxes levied upon such land." It is therefore not at all clear that the section was intended to apply to mere easements or appurtenant rights. But waiving that question, the waterditch and right here involved were appurtenant to the mill property, and, in our opinion, as intimated in *Coonradt* v. *Hill,* 79 Cal. 593, should be considered as included in the assessment of the latter. It was, however, during some years assessed separately; but whether assessed separately or not, all the taxes assessed were paid by plaintiffs and their grantors each year from 1878 to 1888 (when this action was commenced), inclusive, unless the year 1884 is to be deemed an exception. The facts as to 1884 are, that in that year the property was mortgaged to an amount exceeding its value, and there was no tax to be paid by the owner. We do not think, as contended by appellant, that respondents have lost their right as adverse claimants because they do not show affirmatively that the mortgagee had paid the tax that year on the mortgage. Strictly speaking, there was no tax levied on "the land," within the letter of said section 325 (whatever meaning we attach to "land," as there used); and if that section be broadly construed as requiring the payment of taxes by an asserted adverse

claimant as evidence of the *bona fides* of his claim, then certainly respondents and their grantors were within the spirit and intent of the provision.

The judgment and order denying a new trial are affirmed.

DE HAVEN, J., SHARPSTEIN, J., HARRISON, J., GAROUTTE, J., and PATERSON, J., concurred.