[S. F. No. 7733.   Department One.—February 2, 1918.]

## JAMES GARTLAN, Respondent, v. C. A. HOOPER & CO. (a Corporation), Appellant.

PLEADING—AMENDMENT—CONFORMANCE TO PROOF—DISCRETION.—Under the provisions of section 470 of the Code of Civil Procedure, the trial court is invested with discretionary power to permit and even to order the pleadings of the parties to be amended at any stage of the trial of the cause, and even after its submission, so as to make such pleadings conform to the proofs, and this discretion will not be interfered with upon appeal except in cases of its manifest abuse.

ID.—QUIETING TITLE—AMENDMENT OF COMPLAINT AFTER SUBMISSION OF CAUSE—FAILURE TO OBJECT—LACK OF PREJUDICE.—In an action to quiet title to a tract of land and to certain water having its source on an adjoining tract and conveyed by pipe-line to the tract in question, the defendant was not prejudiced by an amendment of the complaint made after submission of the cause so as to make the allegations thereof conform to the proof, the form of which amendments was drafted by the court itself, where such defendant made no request that the submission of the cause be set aside or that it be permitted to offer further pleadings or proofs respecting the subject matter of the amendments.

ID.—NATURE OF RIGHT TO USE WATERS OF SPRING—AMENDMENT OF COMPLAINT—IMMATERIAL VARIANCE.—In such action, an amendment of the complaint made after submission of the cause stating that the waters developed in and derived from the adjoining tract were at the date of the deed under which plaintiff acquired title to his land, being, and for a long time prior thereto had been, used "obviously and permanently by plaintiff under a contract of purchase" from the predecessor in interest of the defendant, is subject to the technical objection that such amendment does not conform to the proof which showed that the waters prior to and at the date of plaintiff's deed were used by plaintiff under oral permission of such predecessor in interest, but such variance was immaterial.

ID.—OWNERSHIP OF WATER AS APPURTENANT TO TRACT—AVERMENT OF ULTIMATE FACT.—In such action, an amendment of the complaint to the effect that plaintiff under his deed to the tract entered into possession thereof "together with the water then being developed and conveyed as appurtenant to said tract," and that ever since the date of said deed the plaintiff had been the owner in fee "of

all of said water as appurtenant thereto," constituted statements
of ultimate facts, and not conclusions of law.

WATER AND WATER RIGHTS—PERMISSIVE USE OF WATER AFTER FORECLOS-
URE PROCEEDINGS—DEED FROM PURCHASER—WATER AS APPURTE-
NANCE.—In such action, where it was shown that the waters were first
developed and used by plaintiff under oral permission from the
original owner with whom he held an executory contract to pur-
chase the adjoining tract, that his rights under such contract were
subsequently terminated by foreclosure proceedings under a prior
mortgage, and that he continued in the use of such waters up to
the time that he sought and obtained from the purchaser at the
foreclosure sale a quitclaim deed to such adjoining tract, by such
deed the waters were transferred to him as an appurtenance to
such adjoining tract, since the use of such waters after the termina-
tion of his rights under his contract was lawful, and his status
that of a tenant at sufferance.

PLEADING—CLAIM TO WATERS—DIFFERENT CAUSES OF ACTION—OWNER-
SHIP BY DEED AND BY USER.—In such action, the plaintiff has the
right to plead and rely upon both his claim to the ownership of an
easement in the waters under his deed to his own land and by vir-
tue of his open and adverse use thereof under his claim of right
subsequent to the deed for the period requisite under the statute
to acquire a right thereto by adverse possession.

ID.—JUDGMENT—EXTENT OF PLAINTIFF'S RIGHT TO USE OF WATERS.—
In such action, the plaintiff's right to the use of the waters should
be limited to the extent of his use thereof prior to and at the time
of the commencement of the action, and a decree susceptible of a
construction giving him a much greater right and ownership than
he would be entitled to under his previous or present use is erroneous,
and requires modification.

ID.—SUBMISSION OF CAUSE—EXPIRATION OF TERM OF JUDGE—DECISION
AFTER RE-ELECTION—VALID JUDGMENT.—A judgment is not void for
the reason that the term of the office of the judge expired while he
held the cause under submission, and, being re-elected, decided it
after the commencement of his new term.

PLEADING—OWNERSHIP OF REAL PROPERTY—ULTIMATE FACT.—An aver-
ment of ownership of real estate or any specified interest therein is
the averment of an ultimate fact.

TENANCY AT SUFFERANCE—WHAT CONSTITUTES.—A tenancy at sufferance
arises when a person goes into possession of land lawfully and
occupies it after without any title at all.

TAXATION—WATER APPURTENANT TO LAND—SEPARATE ASSESSMENT.—
Where the use of water is appurtenant to a tract of land and con-

tributes to its value, it must be considered as included in the assessment of such land for tax purposes without a separate specification.

MORTGAGE—PURCHASE AT FORECLOSURE SALE—RIGHTS OF PURCHASER.—Where the mortgagee under a purchase money mortgage buys the property at the foreclosure sale, his rights as against one who purchased from the mortgagor subsequent to the mortgage date from the purchase at the sale, and not from the mortgagee's former ownership or from his status as mortgagee.

APPEAL from a judgment of the Superior Court of Contra Costa County. R. H. Latimer, Judge.

The facts are stated in the opinion of the court.

Thomas S. Molloy, for Appellant.

A. F. Bray, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in plaintiff's favor in an action to quiet title to a tract of land designated in the record as tract No. 1, portion of the Moraga Rancho, in the county of Contra Costa, and also to quiet title to certain water having its source upon an adjoining portion of said rancho designated as tract No. 2, which said water is developed and collected in a tunnel on said tract No. 2, and conveyed thence through a pipe to and upon the first-mentioned tract of land. No controversy exists as to the right of the plaintiff to have his title quieted to tract No. 1, for in its answer the defendant disclaims all interest therein. The issues herein arise over the contested right of the plaintiff to the water which has its origin upon the lands of the defendant, designated as tract No. 2, and to have the same developed and conducted to his own land by means of such tunnel and pipe, as an appurtenance thereto. The facts of the case are in the main undisputed. Prior to the year 1889 one Horace W. Carpentier was the *owner* of twelve thousand six hundred acres of land comprising the greater portion of the Moraga Rancho. In that year he conveyed his said holdings therein to Angus A. Grant and James A. Williamson, taking back from his said grantees a mortgage thereon as security for a portion of the purchase

price.   A little later in the same year his said grantees con-
veyed all of said land to the Moraga Land Association, a
corporation, subject to said mortgage.   In 1894 a second
mortgage thereon was executed to Carpentier by the Moraga
Land Association, and this was followed in the year 1895 by
a third mortgage between the same parties, all of which
mortgages were duly recorded.   In June, 1894, while said
property was subject to the terms of the first two of said
mortgages, the Moraga Land Association entered into an
agreement with the plaintiff herein, for the purchase by him
of the ten acres in said rancho which is designated as tract
No. 1, for an agreed price of $1,350.   The agreement was
in the nature of a conditional sale contract, by which the
would-be purchaser was to be given immediate possession
of the premises, paying the purchase price therefor in in-
stallments covering a number of years, the contract provid-
ing that he was to be considered as a tenant of the property
until such installments were fully paid, and that such in-
stallments as were from time to time so paid, were to be
regarded as rental of the premises, and were to be forfeited
in the event of his failure to continue the payment of such
installments according to the terms of his agreement.   This
contract was not recorded, but the plaintiff went into pos-
session of tract No. 1, under it, in the year 1894, and pro-
ceeded in the course of the following year to improve the
same by building fences and by the erection of a house and
barn thereon.   He also endeavored to find water upon the
tract, but failed to do so, whereupon he applied to the
Moraga Land Association for permission to go upon the
adjoining tract No. 2, and prospect for water to be used
upon his own land.   He was given such permission, and
acting in pursuance thereof, and in the year 1896, he dug
a tunnel upon tract No. 2, in which water gathered, forming
a pool, which he proceeded to connect by a pipe two inches
in diameter at the pool, but narrowing to one and one-half
inches in the course of its extension to and upon tract No. 1,
and by means of which he conducted said water thereto.
In the year 1896 Carpentier commenced an action against the
Moraga Land Association for the foreclosure of the three
mortgages above referred to.   The plaintiff herein was not
made a party to said action, but it is conceded that it was
not necessary that he should have been made a party thereto,

his agreement not having been recorded, but that he was bound by the decree of foreclosure therein. Such decree was entered in August, 1899, and in due time thereafter the entire property covered by said mortgages, including both of said tracts Nos. 1 and 2, was sold by the commissioner to said Carpentier, and the property not having been redeemed, it was, on September 6, 1901, conveyed by said commissioner to Carpentier. In the meantime the plaintiff had continued to pay his regular installments to his vendor, the Moraga Land Association, until he had paid the sum of $1,150 on account of the purchase price of tract No. 1. He had also expended considerable money in the improvement of said tract, and in addition thereto he had laid out about one thousand dollars in the development of the water which he had discovered and collected on tract No. 2, and in the conveyance of the same to his own tract. There is evidence tending to show that the plaintiff was unaware of the pendency of the proceedings in foreclosure until after the judgment therein had been entered, and that it was only after he had gone to the office of the Moraga Land Association in the latter part of the year 1901, to pay another installment upon his contract, that he learned that Carpentier had become the owner of the property. During all of the years of the plaintiff's connection with the property Carpentier had been an absentee owner, residing in an eastern state, and having as his local agent one Leviston, an attorney with his offices in the city of San Francisco, who held a general power of attorney from Carpentier in relation to his interests in the Moraga Rancho. In the early days of February, 1902, the plaintiff went to see said Leviston for the purpose of explaining to him the hardship he was under by reason of having lost his whole interest and investment in the property through the foreclosure proceedings, and with a view to seeking relief therefrom. Mr. Leviston assured him that Mr. Carpentier wanted to do the right thing by him, but that before any action was taken, he, Leviston, wished to see the premises. A day or two later the plaintiff and Leviston went together to the premises, looking over tract No. 1, and then going upon tract No. 2, inspecting the tunnel and pipe thereon, and following the course of the latter to its outlet on tract No. 1, and there observing the distribution of the water upon said tract. While there, according to the plaintiff's

undisputed testimony, he applied to said Leviston to pur-
chase tract No. 2, for the purpose of protecting his use of
the waters which he had been deriving therefrom, from pos-
sible interference on the part of some later purchaser of said
tract.   Mr. Leviston stated that Mr. Carpentier would not
sell any more of said land in small tracts, and that if he sold
at all he would sell the whole rancho.   "But," he said, "you
have the water now, what more do you want?"   Thereupon
it was agreed that if the plaintiff would pay the sum of two
hundred dollars, the remaining balance of the installments
due upon his original agreement, Mr. Carpentier would give
him a deed.   On February 5, 1902, the plaintiff, having
made such payment, Leviston, as the attorney in fact for
Carpentier, executed and delivered to the plaintiff a quit-
claim deed, conveying to him by proper description tract
No. 1.   This deed contained the following provision: "To-
gether with all and singular, the tenements, hereditaments
and appurtenances thereunto belonging. . . . To have and
to hold, all and singular, the said premises, together with
the appurtenances, unto the said party of the second part
and to his heirs and assigns forever."   Upon receipt of this
conveyance the plaintiff continued in the possession of the
premises specifically described therein, and also continued in
the open and undisputed use and enjoyment of the waters
derived from the tunnel and pipe upon tract No. 2.   These
conditions continued uninterruptedly until shortly before
the commencement of this action, on November 28, 1911.   In
the meantime, and during the years intervening between the
inception of Carpentier's reinvestment of ownership of the
Moraga Rancho, as the purchaser thereof under the fore-
closure sale, until the date of the commencement of this ac-
tion, one John Devlin had been in possession of tract No. 2
as a tenant under annual leases thereof, which expired in
October of each year and were yearly renewed.   Devlin was
at all times aware of the uses the plaintiff was making of
the water which he was deriving by means of said tunnel
and pipe upon said tract No. 2, and never made any sort of
objection thereto.   In the summer of the year 1911 the plain-
tiff learned that Mr. Carpentier was about to make a sale
of his entire holdings in the Moraga Rancho, and desiring
to better his title to tract No. 1 by procuring a grant, bargain,
and sale deed thereto, and also desiring to further protect

himself against any possible interference with what he claimed to be his rights in the water developed upon and issuing from tract No. 2, he applied to the then agent of Mr. Carpentier for the issuance to him of such grant deed. Not being able to procure the same upon satisfactory terms he instituted the present action. Thereafter, and on July 19, 1912, the entire interest of Mr. Carpentier in the Moraga Rancho was conveyed by him to one Charles A. Hooper, who, on August 29, 1912, conveyed the same to one C. A. Hooper & Co., a corporation, the defendant and appellant herein.

The plaintiff appears to have had some difficulty with the law or with the court in setting forth his cause of action herein. Just what the difficulty was does not appear, but it was not until the plaintiff had filed his sixth amended complaint that he succeeded in passing the ordeal of demurrer. The sixth amended complaint counted upon two causes of action; the first an alleged cause of action based upon the plaintiff's claim of right to the use of the water developed upon and derived from tract No. 2 as an appurtenant for tract No. 1, and as having passed to him as such under the terms of his aforesaid quitclaim deed. The second alleged cause of action was predicated upon his claim of right to the use of such water acquired by adverse possession since the date of said deed. The defendant's demurrer to this sixth amended complaint having been overruled, it answered, disclaiming title to tract No. 1, but denying specifically the averments of both counts of the plaintiff's said complaint as to his right to the water derived from tract No. 2, or to any interest whatever in said tract or the waters thereof. Upon the trial of the cause, and at some time after the submission of the same for decision, the plaintiff moved the court for leave to amend his sixth amended complaint so as to make the allegations thereof conform to the proof. The court granted this motion, but declined to accept or permit such amendments in the form in which the plaintiff presented them, and thereupon proceeded to formulate what the court deemed to be the proper phrasing of such amendments so as to make the same conform to the proofs, and having done so, ordered such amendments to be made. The subdivisions of the plaintiff's said complaint affected by these amendments were the third paragraph of both counts and the sixth para-

graph of the first count thereof. These as amended read as
follows:

### "Third.

"That at the date of said conveyance from Carpentier to
plaintiff there was being used and for a long time prior
thereto, had been used, obviously and permanently by plain-
tiff under a contract of purchase from the Moraga Land
Association, Carpentier's predecessor in title, for the benefit
of the lands contained in said tract number one, all the
waters then and theretofore developed in and issuing out of
the tunnel constructed on said tract number two, said waters
being conveyed across the lands of tract number two a dis-
tance northeasterly of one hundred and seventy-five feet.
more or less, from the mouth of said tunnel to the land of
tract number one by means of two inch and one and one-half
inch pipe.

"That said water is still being developed in said tunnel
and is flowing therefrom as aforesaid."

### "Sixth.

"That under said deed of conveyance of February 5, 1902.
and on said day, plaintiff took and entered into the actual
possession of the whole of the lands contained in said tract
number one, together with the water then being developed
and conveyed as aforesaid as appurtenant to said tract, and
ever since said 5th day of February, 1902, plaintiff has been
and is now the owner in fee and in the actual possession of all
of said tract number one and all of the said water as appur-
tenant thereto."

The findings of the trial court followed and held to be
true the averments of the plaintiff's sixth amended complaint
as thus further amended. The judgment follows the find-
ings in its recitals and then proceeds to adjudge:

"That plaintiff is the owner of all the water now being
developed in and issuing from, or that may hereafter be
developed in and issue from, the tunnel constructed on that
portion of the Rancho Laguna de Los Palos Colorados, or
Moraga Rancho, described in this judgment, and in plaintiff's
complaint, under the designation of tract No. 2; with the
right to the conveyance of said water across the lands of said
tract No. 2 to aforesaid tract No. 1, by means of two inch
and one and one-half inch pipe.

"That defendant has no right, title, interest or estate whatever in or to the lands contained in said tract No. 1, or in any part or portion thereof, or in or to the water developed in and issuing from, or that may hereafter be developed in and issue from, the tunnel constructed on said tract No. 2."

The appellant urges numerous contentions upon this appeal as grounds for a reversal, but these upon an examination are reducible to the few essential propositions which we shall proceed to consider. The appellant's first contention is that the trial court erred in permitting further amendments to be made to the plaintiff's sixth amended complaint after the submission of the cause for decision; and it particularly complains that the court erred in drafting, or at least directing, the form of such amendment. These contentions are without merit. Under the provisions of section 470 of the Code of Civil Procedure the trial court is invested with discretionary power to permit and even to order the pleadings of the parties to be amended at any stage of the trial of the cause, and even after its submission, so as to make such pleadings conform to the proofs, and it has been uniformly held that this discretion will not be interfered with upon appeal except in cases of its manifest abuse. (*Graham* v. *Stewart*, 68 Cal. 374, [9 Pac. 555]; *Firebaugh* v. *Burbank*, 121 Cal. 186, [53 Pac. 560]; *Andrus* v. *Smith*, 133 Cal. 78, [65 Pac. 320]; *Stohlman* v. *Martin*, 28 Cal. App. 338, [152 Pac. 319].) In the instant case, after the court had permitted and directed the form of the amendments in question, the defendant made no request that the submission of the cause be set aside, or that it be permitted to offer further pleadings or proofs respecting the subject matter of these amendments. It is apparent, therefore, that it was in no wise prejudiced by the action of the trial court in directing the amendments in question to be made. The appellant, however, in this connection, insists that as to the amendment of the third paragraph of the plaintiff's sixth amended complaint, it did not in fact correspond to the proofs in an important particular and was therefore improperly made. The particular in which the appellant contends that this amendment fails to conform to the proofs is the inclusion therein of the clause which states that the waters developed in and derived from tract No. 2, were being at the date of the plaintiff's conveyance from Carpentier, and for a long time prior thereto had been used

"obviously and permanently by plaintiff under a contract of purchase from the Moraga Land Association." Technically speaking this contention of the appellant as to the phrase above quoted is correct. The proofs show that the waters in question were, prior to and at the date of the Carpentier deed to plaintiff, being used by the latter under the original permission so to do orally given to plaintiff by the Moraga Land Association, at some time after his contract for the purchase of tract No. 1 was entered into, and that the right to the use thereof was therefore not referable to said contract. This variance, however, we hold to be immaterial for reasons which will hereafter appear.

As to the amendment to paragraph six of the plaintiff's sixth amended complaint, to the effect that the plaintiff, under his deed from Carpentier, entered into the possession of tract No. 1, "together with the water then being developed and conveyed as appurtenant to said tract," and that ever since the date of said deed the plaintiff had been the owner in fee "of all of said water as appurtenant thereto," the appellant contends that these quoted clauses do not constitute statements of ultimate facts, but merely conclusions of law, and hence were not the proper subjects of inclusion in said complaint by way of an amendment thereof. But the averments above quoted as having been added to the sixth paragraph of plaintiff's complaint amount to something more than mere conclusions of law. They are averments of the ownership in the plaintiff of the water in question, as appurtenant to tract No. 1, of which he became the admitted owner by virtue of the deed from Carpentier. The averment of ownership of real estate or of any specified interest therein was very early in the history of our jurisprudence held to be the averment of an ultimate fact. (*Payne* v. *Treadwell,* 16 Cal. 221.) And this decision has been adopted in numberless pleadings and approved and followed in numerous subsequent cases, until it has become and long been a settled rule of law. The latest case affirming it is that of *McArthur* v. *Goodwin,* 173 Cal. 500, [160 Pac. 679]. Whether or not these averments to which appellant objects conform to the proofs will be later considered.

This brings us to the real pivotal points of controversy of the case at bar. They are these: First, was the water as developed and used by the plaintiff under his oral permission

so to do given him by the Moraga Land Association and thereafter continuously used by him in connection with and for the benefit of said tract No. 1, up to the time when his rights to the purchase and ownership of said tract ceased under the foreclosure proceedings instituted by Carpentier, and under which he became the absolute owner of said rancho, and thereafter until the date of the execution of Carpentier's deed to said plaintiff, an appurtenance to tract No. 1, so as to have passed as such under the deed of Carpentier to plaintiff of said last-named tract; second, did such use of said waters in fact pass as an appurtenance to tract No. 1 under the form of the deed from Carpentier to the plaintiff and under the circumstances preceding and attending the making of said deed; third, if the easement covering the use of said waters did not pass as an appurtenance to said tract No. 1, under the Carpentier deed thereof to plaintiff, has the plaintiff subsequently acquired the right to such easement by adverse possession; fourth, is the judgment confirming such easement in the plaintiff valid, and if so, is it not broader than the proofs would justify in defining the plaintiff's present and future right to the use of said waters?

As to the first of these contentions, the appellant insists that the permissive use which the plaintiff was making of the tunnel and conduit upon tract No. 2, and of the waters developed upon said tract and conveyed to tract No. 1, could not have ripened into an easement during the ownership by the Moraga Land Association of the entire tract, so as to be in any way binding upon Carpentier as the prior mortgagee thereof, and that as to Carpentier, whatever rights or privileges the plaintiff had acquired from his mortgagor in relation to both contracts, were absolutely terminated by the commissioner's deed to Carpentier upon the foreclosure of his mortgages thereon. Conceding this much to be true, it does not necessarily follow that the use of such water by the plaintiff during the period prior to the issuing of the commissioner's deed to Carpentier would not have been such an appurtenance to tract No. 1, as to have passed under a grant of said tract from the Moraga Land Association to the plaintiff, had the latter continued to be the owner of said entire tract and had such grant been made. The code defines an appurtenance as follows: "A thing is deemed to be inci-

dental or appurtenant to land when it is by right used with
the land for its benefit, as in the case of a way, or water-
course, or of a passage for light, air, or heat from or across
the land of another.'' (Civ. Code, sec. 662.) The uncon-
tradicted evidence in this case discloses that the plaintiff's
rights to the use of the waters in question, while they had
their inception in the oral permission of the Moraga Land
Association to develop and conduct the same on tract No. 2,
and thence to his own tract, were exercised and matured
through the expenditure of a considerable sum of money, and
were attended with the assertion of certain exclusive acts of
apparent ownership in connection with the development and
use of said water, such as the diversion of the whole thereof,
and the maintenance of a door and lock upon the entrance
to the tunnel wherein the waters were collected. Whether
these facts would have sufficed to support the plaintiff's
claim of an acquired easement against the Moraga Land
Association, it is not necessary here to decide. But at least
they go to show that the plaintiff's use of said water in
connection and for the benefit of tract No. 1 was not unlawful
up to the fact and date of the commissioner's deed to Car-
pentier; and while it is also true, as the appellant contends,
that whatever rights the plaintiff had to become the purchaser
of tract No. 1, under his contract with the Moraga Land
Association, and whatever rights he had acquired to the
use of the waters in question as an appurtenance to said
tract, ceased upon the making of the commissioner's deed to
Carpentier, it does not necessarily follow, as appellant con-
tends, that the plaintiff's holding of tract No. 1, and use of
the waters developed on tract No. 2, became unlawful upon
the execution of said commissioner's deed, as to its grantee,
Carpentier. The plaintiff was a tenant of the Moraga Land
Association prior to the making of said deed, under a strict
construction of the terms of said contract. How much more
than this he had become by reason of the facts that he had
almost entirely paid the amount to be paid as the purchase
price of tract No. 1, and that he had also expended con-
siderable sums in the improvement of said tract and in the
development and conduct of the waters derived from tract
No. 2, with the knowledge and consent of his vendor, may
not be material to this inquiry. He was at least in the
position of a tenant holding over after the termination of

his tenancy, and he was thus not a trespasser, as the appellant would have us hold, but a tenant at sufferance of Carpentier, as the successor in interest of the plaintiff's former landlord, by virtue of the purchase by Carpentier of the entire premises at the foreclosure sale thereof. A tenancy at sufferance arises when a person goes into possession of land lawfully and occupies it afterward without any title at all. (2 Blackstone's Commentaries, 150; *Uridias* v. *Morrell,* 25 Cal. 31; *Moore* v. *Morrow,* 28 Cal. 551; *Hauxhurst* v. *Lobree,* 38 Cal. 563.)

The rights of Carpentier date from the purchase of the rancho at the foreclosure sale, and not from his former ownership of the rancho, or from the fact that he had been the mortgagee thereof. At the date of such purchase the plaintiff was in possession of tract No. 1, lawfully, and was also lawfully, and hence by right, using the waters in question as an appurtenance or servitude upon tract No. 2 for the benefit of the former tract. Mr. Carpentier unquestionably would have had the right upon coming into the ownership of the entire rancho by virtue of his commissioner's deed to have ejected the plaintiff therefrom; but he did not do so, but, on the contrary, for several months knowingly, through his local agent, permitted the plaintiff to remain in possession of tract No. 1, and in the open use of the waters derived from tract No. 2, for the benefit of the former tract. The plaintiff was, therefore, in the lawful exercise of such possession and use as a tenant at sufferance of Carpentier in the early days of the month of February, 1902, when he sought and received the conveyance from Carpentier which took the form of the quitclaim deed of the date of February 5, 1902.

The possession of said tract No. 1 by the plaintiff, and the lawful use by him of the waters in question upon and for the benefit of said tract as such tenant at sufferance of Carpentier, during the months intervening between the sixth day of September, 1901, and the fifth day of February, 1902, was the possession and use thereof by his landlord, Carpentier. Had a quitclaim deed, in the form in which the plaintiff's deed was phrased, conveying tract No. 1, and also expressly conveying the appurtenances thereto, been made by Carpentier to a stranger during said period, it cannot be seriously contended that it would not have transferred the waters here in question as appurtenant to tract No. 1. This

being so, we can perceive no reason why the deed to the plaintiff should not be given the same effect, and we are cited to no authority holding that it should be given a different effect because executed to a tenant of the grantor occupying the premises and using the waters, as the plaintiff herein was occupying and using the same at the time of receiving his said deed from Carpentier. If such effect is to be given to that deed, it follows that the amendment to paragraph six of the plaintiff's sixth amended complaint, and the finding of the trial court which follows the form of such amendment, were an averment and finding of an ultimate fact in the case, conforming to the proofs, and were not, therefore, subject to appellant's criticism of the court for ordering such amendment or making such finding.

It will also be apparent from what has heretofore been said that the defendants' objection to the amendment of paragraph three, of said complaint, and to the finding based thereon, is also without substantial merit, since it is quite immaterial under what particular contract or permission the plaintiff originally acquired the right to enter upon said tract No. 2 and to develop and use the waters thereon for the benefit of tract No. 1.

This disposes of all of the appellant's contentions, so far as they relate to the first cause of action, save one, and that is the appellant's contention that the quitclaim deed of February 5, 1902, is not to be construed as intending to convey anything other than the bare land of tract No. 1, without appurtenances, for the reason that all that the plaintiff paid as the consideration for such deed was the sum of two hundred dollars, the balance remaining due upon his contract with the Moraga Land Association for the purchase of said tract. This contention might have weight, were that the only circumstance casting light upon the intent of the parties in the making of said deed, but the evidence further discloses that a day or two prior to the execution of said deed, the authorized agent of the grantor, and the person who actually executed the same on his principal's behalf, went with the plaintiff over the premises to be affected by said deed, and practically agreed that it should cover and convey the waters in question. The trial court, in determining the scope of said conveyance, had before it both of these circumstances, and was entitled to give its own weight to each of them in

construing said deed, and with its determination of the issue thus raised, in plaintiff's favor, we shall not interfere.

With respect to the plaintiff's second cause of action, and to the findings and conclusions of the court based thereon, but little need be said. The plaintiff had a right to plead and to rely upon both his claim to the ownership of an easement in said waters by virtue of his deed of February 5, 1902, and by virtue of his open and adverse use thereof under claim of right subsequent to the date of said deed, and for the period requisite under the statute to acquire a right thereto by adverse possession. Had he failed in establishing his right to the use of said waters as an appurtenance to tract No. 1, expressly conveyed by said deed, he could still show title by adverse user for the statutory time. We shall not attempt to discuss the evidence which was adduced by the plaintiff in support of the second count of his complaint further than to say that in our opinion it abundantly shows that the use which the plaintiff has made of the waters in question since February 5, 1902, was open, sufficiently continuous, and under a claim of right so to do; and that such use was fully within the knowledge and observation of the tenants and local agents of Carpentier. Such knowledge was therefore his own. The defendant's contention that the statute of limitations does not run against a reversioner has no application to the facts of this case, for the reason that the tenancy of the tenant or tenants of the rancho, of which tract No. 2 was a part, expired annually, and was annually renewed during the entire period of the plaintiff's adverse user of the waters in question. The landlord as reversioner came constructively into possession of his own at the annual expiration of his tenant's term and prior to the annual renewal thereof, and hence was in a position to exercise and should have exercised an owner's right to put an end to an adverse user of any portion of his property before the same ripened into a title through lapse of time. Failing to do this for the statutory period, he would lose that right by an adverse possession on the part of the plaintiff, which would otherwise have satisfied the requirements of the statute. The appellant urges, however, that the plaintiff's adverse user and claim of these waters did not otherwise satisfy the requirements of the statute because he paid no taxes upon the easement claimed; but in this behalf the evidence shows

that no taxes were separately assessed upon such easement,
but that the plaintiff paid all of the taxes which were as-
sessed against tract No. 1, since his acquisition of title thereto.
This court has held that where the use of water is appurte-
nant to a tract of land and contributes to its value, it must
be considered as included in the assessment of such land
without a separate specification. (*Coonradt* v. *Hill*, 79 Cal.
593, [21 Pac. 1099]; *Frederick* 'v. *Dickey*, 91 Cal. 358, [27
Pac. 742].)

With respect to the judgment herein, the appellant makes
two contentions: First, that the judgment is void for the rea-
son that Judge Latimer's term of office expired while he held
this cause under submission, and that, being re-elected, he
decided it after the commencement of his new term. The
point has no merit, even if it can be presented upon a record
which does not disclose these facts, and even if it can be
urged in this court for the first time upon appeal. The
cause was pending in the superior court which is a continuing
judicial tribunal. It was decided by the same superior judge
who tried it. There was no interregnum between his term,
and hence the holding by the individual of the office must
be held to be a continuous holding in so far as the duties
of his office may be involved. The cases cited by appellant
have no application to the facts of this case, since they refer
to the power of a newly elected judge to decide matters in
which he had not heard the evidence in his judicial capacity.

The next and final contention of the appellant is that the
terms of the judgment defining the plaintiff's right to the
waters in question are too broad. A reference to the por-
tion of the judgment hereinabove set forth will show that
this contention has merit. The plaintiff's right to the use
of the waters in question should be limited to the extent of
his use thereof prior to and at the time of the commencement
of this action. He is entitled to maintain a tunnel and pipe
upon tract No. 2 for the purpose of developing and trans-
mitting so much of said waters as may be measured by the
capacity of the two-inch and one and one-half inch pipe
which has heretofore served to conduct said waters to his
own premises. But he is entitled to no more than this, and
hence those portions of the judgment which declare the
plaintiff to be the owner, not only of all the water "now
being developed and issuing from" said tunnel, but also of

all such waters "as may hereafter be developed in and issuing from the tunnel," etc., and which further decree that the defendant has no right, title, interest or estate in or to such waters "as may hereafter be developed and issue from the tunnel constructed on said tract No. 2," are susceptible of a construction giving the plaintiff a much greater right and ownership in such waters as may hereafter be developed upon tract No. 2, than he would be entitled to under his previous or present use of such waters, and also to a construction which might give him a larger right to the development of waters upon tract No. 2, through the extension of said tunnel or the enlargement of said pipe, than he has heretofore claimed or exercised.

The judgment of the court should, therefore, be modified in these respects, and the trial court is hereby directed to modify the same so as to conform to the views expressed in this opinion, each party to pay their own costs on appeal. So ordered.

Shaw, J., and Sloss, J., concurred.