[Civ. No. 1937.  Third Appellate District.—December 23, 1919.]

FREDERICK AYER, Appellant, v. STEPHEN GRONDONI et al., Respondents.

[1] WATERS AND WATER RIGHTS—OWNERSHIP OF DITCH AND WATERS—SUFFICIENCY OF FINDING.—In an action brought to determine the respective rights of the parties to a certain water ditch and to the waters flowing therein, a finding that plaintiff is the owner of the ditch, "subject to the rights of the defendants . . . as in this judgment set forth," the interests of the defendants also being found and set forth, constitutes a sufficient finding as to the ownership of the ditch, although such finding appears in the conclusions of law.

[2] ID.—PAYMENT OF TAXES—ADMISSION BY PLEADINGS—CONFLICTING FINDING.—In such action, a finding that the *rights* of plaintiff in and to the ditch and in and to the water rights were regularly assessed by the assessor for forty years last past to the plaintiff and his predecessors in interest, and that all taxes so levied and assessed upon the *rights* of the plaintiff and his predecessors in interest have been paid by the plaintiff and his predecessors in interest, is contrary to the admission of the pleadings where the complaint alleges, and the answer admits by failure to deny, that the plaintiff and his predecessors in interest for forty years have paid all taxes levied and assessed against said ditch and water rights.

[3] ID.—APPURTENANCE TO LAND—SEPARATE PAYMENT OF TAXES NOT ESSENTIAL TO PRESCRIPTION.—Where an interest in a ditch and water right has become appurtenant to a certain piece of land upon which all taxes that have been levied and assessed have been paid, no separate payment of taxes on the ditch or water right by the owners of such land is required in order to enable them to claim title by prescription.

[4] ID.—USER OF REDUCED AMOUNT OF WATER—PRIORITY OF RIGHTS—ADVERSE TITLE.—Where up to a period of about twelve years prior to the commencement of the action the plaintiff and his predecessors in interest used 175 inches of water, and thereafter used five inches of water, the right to that amount of water was prior and superior to the rights of the defendants who claimed title by prescription; and the defendants could not by adverse user acquire title to the five inches of water that the plaintiff was all the time putting to a beneficial use.

APPEAL from a judgment of the Superior Court of Nevada County.  George L. Jones, Judge.  Modified and affirmed.

The facts are stated in the opinion of the court.

Nilon & Nilon and Searles & Searles for Appellant.

Hennessy & Peterson for Respondents.

ELLISON, P. J., *pro tem.*—This action was brought to determine the respective rights of the parties to a certain water ditch taking water from Slate Creek, in Nevada County, known as the Texas Ditch, and to determine their respective rights to the waters flowing in said ditch.

The complaint alleges that the plaintiff and his predecessors in interest have been the owners of the ditch for more than forty years, and during all that time have been in open, notorious, continuous, and adverse possession of both ditch and water, and during said forty years have paid all taxes levied and assessed on said ditch and water right, "said ditch having its head in Slate Creek where said creek is crossed by a manzanita flume, and extending thence to the Texas mine, a distance of one mile, more or less, together with the first right to divert 175 inches of water of said Slate Creek at the head of said ditch and carry the same by ditch and flume to the Texas mine and intermediate points."

The complaint alleges that the defendants have wrongfully and unlawfully conspired to interfere with plaintiff's ditch and water rights, and have at divers times entered upon said ditch and trespassed upon the same. In specifying the wrongful acts of the defendants, the plaintiff recites several instances, all alike in character. A summary of one instance, as alleged in the complaint, will be sufficient for the purposes of the decision. It is alleged that on February 6th the plaintiff turned the water out of said Texas ditch at its head on Slate Creek, and placed in the head of said ditch a gate, with padlock and chain thereon, to prevent the running of water into said ditch or raising said gate; that thereafter, on February 7th, the defendants wrongfully broke and removed said headgate of said Texas ditch.

The defendants deny the plaintiff's ownership of either ditch or the right to flow water therein. They deny that the plaintiff, or his predecessors in interest, have been in possession continuously, or otherwise, for forty years, or for any length of time, of the Texas Ditch, and deny that he, or his

predecessors in interest, have been the owners, or in the possession continuously, or otherwise, in the use of 175 inches of the water of said creek, or the first right to divert any of the waters of said creek.

The defendants deny that the plaintiff, or his predecessors in interest, have used the ditch or water right for any period of time, or at all, for irrigation or motive power or steam, "except as in this answer hereinafter alleged." It is then alleged that at a time about twelve years before the commencement of this action the plaintiff and his predecessors in interest ceased to use, and have not since put to a beneficial use, 175 inches of water taken from Slate Creek, save and except three inches of water used by one Edminster, the agent of plaintiff; that the plaintiff and his predecessors in interest abandoned and lost all water right that they might have had in the waters of said creek except said three inches; that said three inches of water used by plaintiff was only that portion of the water of Slate Creek which the defendants and their predecessors and others permitted to flow past their respective intakes, and that plaintiff did not use continuously, or at all, said three inches of water for a regular period, but through his agent used through said ditch said three inches of water at such times and on such occasions as the defendants and others voluntarily and gratuitously permitted plaintiff to use it, and during the dry season plaintiff did not at any time receive more than three inches of water through said Texas Ditch.

We have thus deemed it necessary to state with some fullness some of the issues raised by the pleadings, because the main contention of appellant is that there are not findings of the court upon some of them and that the findings upon others are either contrary to the pleadings or not sustained by the evidence.

## I.

[1] The plaintiff complains that the court failed to find on the issue raised as to the ownership of the Texas Ditch. The finding of the court is, in effect, that neither the plaintiff nor his predecessors in interest have for forty years, or for any time, been the owners of the Texas Ditch, or been in the exclusive open possession of it, or an adverse possession of it, or any possession of it at all, "except as hereinafter in these findings set forth."

It is stated by counsel for plaintiff that he was entitled to a specific finding as to the ownership of the ditch, and that the exceptions referred to nowhere appear in the findings.

If this were all that appeared in the record, the finding (no exceptions being stated afterward) would be one to the effect that plaintiff was not the owner of any interest in the ditch at all. There is, however, a finding of fact "that plaintiff is the owner of the Texas Ditch, subject to the rights of the defendants Grondoni and Hecker as in this judgment set forth."

While this finding appears in the conclusions of law, and is, perhaps, misplaced, it is nevertheless a finding of fact, and disposes of the issue as to the ownership of the ditch, because in the findings the interests of both Grondoni and Hecker are found, and the findings altogether are to the effect that the plaintiff is the owner of the ditch, except as limited by the rights declared to exist in the above two defendants.

We think this is sufficient finding upon the ownership of the ditch.

## II.

[2] The complaint alleges that the plaintiff and his predecessors in interest for forty years have paid all taxes levied and assessed against said ditch and water rights. The answer admits this by a failure to deny.

The finding should have been as broad as the allegation. There is a finding, however, that it is not as broad. It is to the effect that the *rights* of plaintiff in and to the Texas Ditch and in and to the water rights in said Slate Creek were regularly assessed by the assessor for forty years last past to the plaintiff and his predecessors in interest, and that all taxes so levied and assessed upon the *rights* of the plaintiff and his predecessors in interest have been paid by the plaintiff and his predecessors in interest.

The court found that plaintiff owns a certain interest in the ditch and waters of Slate Creek, and that the defendants Grondoni and Hecker each owns a certain interest in the ditch and water right, and the finding, in effect, is not, as alleged in the complaint, that the plaintiff has paid all taxes levied and assessed on said ditch and water right, but that plaintiff has only paid taxes on whatever rights he may own in the ditch and water, leaving an inference that a part of

the ditch and water and an interest in both were not assessed to plaintiff and that he has not paid taxes on all of the ditch and water. This finding is contrary to the admission of the pleadings. But we are of the opinion that it may be disregarded. The plaintiff's title to both ditch and water right to the extent that he has not abandoned the same does not depend upon prescription, but upon prior appropriation and use, and, as we shall see further, may safely rest upon such prior use and appropriation.

### III.

The plaintiff complains of the court's finding that the defendants have acquired a prescriptive right to a certain interest in said ditch and the waters flowing therein, and claims that the same is not supported by the evidence because the evidence fails to show that the defendants have paid the taxes upon said ditch and water right, or any part thereof.

[3] The evidence shows that each of the defendants owns a piece of land near the ditch, and that he has been taking the waters from said ditch by other ditches upon his land and using it there, and that said interest in the ditch and water right has become appurtenant to their land. And the evidence further shows that they have paid all taxes that have been levied and assessed upon their lands.

The decisions seem to hold that under such conditions no separate payment of taxes on the ditch involved here, or of the water right claimed by the defendants, is necessary to give them a prescriptive right.

In *Gartlan* v. *Hooper,* 177 Cal., at page 428, [170 Pac. 1121], it is said: "The appellant urges, however, that the plaintiff's adverse user and claim of these waters did not otherwise satisfy the requirements of the statute because he paid no taxes upon the easement claimed, but in this behalf evidence shows that no taxes were separately assessed upon such easement, but that the plaintiff paid all of the taxes which were assessed against tract No. 1, since his acquisition of title thereto. This court has held that where the use of water is appurtenant to a tract of land and contributes to its value, it must be considered as included in the assessment of such land without a separate specification." (Citing *Coonradt* v. *Hill,* 79 Cal. 593, [21 Pac. 1099]; *Frederick* v. *Dickey,* 91 Cal. 358, [27 Pac. 742].)

On the authority of these decisions, we hold that no other payment of taxes than that proved on behalf of the defendants was required in order to enable them to claim title by prescription.

IV.

[4] The court found that the plaintiff was at the time of the commencement of this action the owner of a right in said Texas Ditch to have flow through or cause to flow through said ditch five inches of the water of said creek, but that said right to said five inches of water was subject to and subordinate to the right of Grondoni to have flow upon his land three inches and the said Hecker one and one-fourth inches, and subordinated the plaintiff's right to their claims to that extent.

The pleadings and the evidence sufficiently show that up to a period of about twelve years ago the plaintiff and his predecessors in interest were using at said Texas mine through said ditch 175 inches of water; that said mine ceased operations about that time, and the plaintiff ceased to use 175 inches of water, but continued to use some of the water, the answer alleging only three inches. The court in its findings finds, however, that he has continued to use since said time five inches of water.

There is nothing in the evidence to show that the use of these five inches of water since the Texas mine ceased to run has been used by the consent of the defendants, or either of them.

We have, then, a case where the plaintiff and his predecessors in interest were using 175 inches of water, and then ceased to use any of it, except five inches of water, and have continued to use said five inches of water down to the present time. Their right to the use of the water was prior to the rights of the defendants, and it is obvious that the defendants have not and could not by adverse user acquire title to the very five inches of water that the plaintiff was all the time putting to a beneficial use.

As to the five inches of water, it seems clear that the plaintiff's rights are superior to any rights of the defendants.

The amount of the water involved is exceedingly small and we deem it unnecessary to reverse the case and send it back for a new trial, believing that substantial justice can be done by ordering a modification of the judgment.

The judgment of this court will be that the superior court be directed to modify its decree by allowing the plaintiff the first right to five inches continuous flow of the waters through said ditch, and granting to the defendants, subject to the plaintiff's first right to five inches, three inches continuous flow to the defendant Grondoni and one and four-tenths inches to the defendant Hecker, and, as so modified, the judgment will be affirmed.

It is proper to add that the respondent has filed no brief in this case, and we have had no assistance from him in arriving at a conclusion.

Hart, J., and Burnett, J., concurred.