[Civ. No. 8508.   Third Dist.   Feb. 15, 1955.]

CHARLES I. CUNNINGHAM, Respondent, v. CLAUDE WEAVER et al., Appellants.

F. Edmund O'Connell for Appellants.

Sutter, Elledge & Carter for Respondent.

PEEK, J.—This is an appeal by defendants from a money judgment and decree of foreclosure of a mechanic's lien.

Plaintiff's complaint alleged that the parties entered into an oral contract by which plaintiff was to furnish certain materials, labor and supervision in the construction of a building for defendants, for which they agreed to pay the reasonable cost; that defendants had paid only a portion of said cost, and that a balance was still due and unpaid. Defendants' answer denied the material allegations of the complaint, and affirmatively alleged that plaintiff verbally agreed to complete the construction work for an agreed sum but admitted that a balance was still owing plaintiff.

Defendants now contend that the evidence does not support the finding that they agreed to pay plaintiff the reasonable value of the work, labor and materials furnished rather than an agreed sum, and that the court erred in finding that plaintiff was entitled to recover for certain items set forth in the bill of particulars; to wit, equipment rental, various taxes and insurance, an overhead fee of 15 per cent and a contractor's fee of 10 per cent.

The record shows without contradiction that all negotiations and the resulting contract were oral, but the evidence as to the nature of the contract is in direct conflict. According to plaintiff's testimony, the parties agreed upon a cost-plus contract which specifically included materials costs, costs of transportation, office expense, equipment rentals, an overhead fee of 15 per cent and a contractor's fee of 10 per cent. He further testified that in order for a contractor to make a firm bid, it is necessary for him to have complete plans and specifications from which estimates can be taken. Here, however, he was working from floor plans only, and hence a cost-plus arrangement was the only one possible. In support of his contention that this was understood by defendants, plaintiff introduced in evidence a letter addressed to the National Production Authority by defendants concerning their application for certain scarce materials. In that letter defendants specifically stated that plaintiff was building the structure for them "on a cost plus basis." Subsequent to defendants' going into possession, a disagreement arose between the parties concerning the balance due. In an apparent endeavor to settle their difficulties, plaintiff agreed to accept a lump sum in full settlement of all amounts he contended were due if defendants, within a specified time, could raise the money. Defendants made no objection to the amount quoted by plaintiff and agreed to endeavor to meet plaintiff's request; in fact they did make an unsuccessful attempt to raise the amount. Following defendants' failure to pay the sum requested, plaintiff filed the customary notices and instituted the present proceeding. Vouchers showing the cost of construction were not totaled by plaintiff until after suit was filed. A bill of particulars, filed at defendants' request, showed a balance then due in the sum of $24,251.80. Such statement reflects materials furnished by defendants and paid for by them, as well as payments they made to some of the subcontractors. Plaintiff's testimony that the standard procedure in a cost-plus contract was to charge for the items previously mentioned was

corroborated by a general contractor who operated in that area. This witness further testified that the costs of the work and materials furnished by plaintiff were reasonable as were his charges for equipment rental and overhead expense. Defendants offered no evidence to the contrary. They chose to rely solely upon their more or less categorical denials of plaintiff's testimony and upon testimony given by Mrs. Weaver and an office employee concerning the overall cost of the job in accordance with defendants' main contention.

Although defendants, in discussing their first contention that the evidence was insufficient, acknowledge to a degree the apparent conflict therein, nevertheless they predicate their argument primarily upon the testimony introduced by themselves and discuss at length the weight to be given to the same. In view of the fundamental rule of review so often noted but so infrequently followed, it would seem unnecessary to more than note that this court is without power to interfere with the findings and judgment of the trial court based upon substantial, though conflicting evidence. It necessarily follows, therefore, that defendants' first contention is without merit.

Defendants' next contention, which is likewise without merit, is an attack upon the allowance of certain items as costs, and the mechanics used by the court in arriving at its final award. Here again it should be noted that plaintiff testified he had informed defendants at the outset that there would be a charge for all items previously mentioned. Furthermore, the record shows without conflict that these charges were reasonable and customary in such contracts. The award finally made by the court shows that certain of these items were reduced, others refused and other approved in full. The final determination of the trial court is not only sustained by the evidence as to what the parties agreed upon, but also by custom and usage as well as case law. (See *Citizens State Bank* v. *Gentry,* 20 Cal.App.2d 415 [67 P.2d 364] [operating expenses]; *Boat & Barge Corp.* v. *Beverly Fin. Co.,* 71 Cal. App.2d 800 at 811 [163 P.2d 913] [social security compensation, etc.] and *Advance Auto Body Wks., Inc.,* v. *Asbury Transp. Co.,* 10 Cal.App.2d 619 [52 P.2d 958] [overhead charges]. See also 27 A.L.R. 48.)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.