[Civ. No. 40807. First Dist., Div. Two. Oct. 4, 1979.]

WESTERN SIERRA, INC., Plaintiff and Respondent, v.
JOSEPH R. RAMOS, Defendant and Appellant.

COUNSEL

Keith M. Richards and Bruce V. Weitzen for Defendant and Appellant.

Lew Warden for Plaintiff and Respondent.

OPINION

MILLER, J.—This is an appeal from a judgment entered in favor of plaintiff and respondent, Western Sierra, Inc. (hereafter Western), against defendant and appellant, Joseph Ramos, upon a complaint for breach of contract and to foreclose a mechanic's lien.

Appellant contends the evidence is insufficient to support various findings and the judgment, to the extent they find that he was required to pay Western any amount greater than $13,000 for work done by it or some real property of his.

■ The intent of the parties' agreement is to be determined by their words, acts, conduct, and the circumstances existing when the agreement was made (*H. S. Crocker Co., Inc.* v. *McFaddin* (1957) 148 Cal.App.2d 639, 643 [307 P.2d 429]; see also *Gilman* v. *Nemetz* (1962) 203 Cal.App.2d 81, 87 [21 Cal.Rptr. 317, 94 A.L.R.2d 1332]). Any conflict in the evidence concerning that intent was for the trial court to resolve.

■ The vice president of Western testified that an oral agreement was made with Ramos for Western to excavate, place, and compact the *on-site* material on the property in exchange for $13,000. He specifically said the agreement was not to grade and fill the property to specifications presented by Ramos as there was not enough on-site material for this purpose. Ramos contended the $13,000 was to cover all work necessary to bring the fill up to specifications, regardless of the source of the fill. The vice president also presented evidence that extra work was done at Ramos' request, and that Ramos agreed to pay for such work. When the vice president's testimony and the inferences therefrom concerning the terms of the agreement(s) are considered as a whole, there is sufficient evidence to support the finding that an agreement existed to do the work which Western performed (see *Adoption of Jason R.* (1979) 88 Cal.App.3d 11, 15 [151 Cal.Rptr. 501]; *Overton* v. *Vita-Food Corp.* (1949) 94 Cal.App.2d 367, 370 [210 P.2d 757], disapproved on another ground in

*Parsons* v. *Bristol Development Co.* (1965) 62 Cal.2d 861, 866, fn. 2 [44 Cal.Rptr. 767, 402 P.2d 839]).

The trial court found that Western was to be paid the "reasonable value" of the work. Appellant contends that there is no evidence to show: that $13,000 was a reasonable amount for the on-site work; that $13,000 was an unreasonable amount for all the work performed; or that the sums allowed for the "extra work" were reasonable. The first contention fails to appreciate that the original agreement set $13,000 as the amount to be paid for the on-site work, according to testimony favorable to Western; thus, the parties' intent must prevail (see 14 Cal.Jur.3d, Contracts, § 205, p. 478). ■ Because there was no amount agreed to concerning the extra work, the law implies a reasonable value (*id.,* § 206, at p. 479). The evidence presented by Western which showed the actual sums expended in doing the extra work is sufficient to establish the reasonable value thereof, especially in light of appellant's failure below to contest these amounts (see *Cunningham* v. *Weaver* (1955) 130 Cal.App.2d 787, 788-789 [279 P.2d 830]).[1]

Thus, we conclude the evidence is sufficient to support the findings complained of and the judgment.

Appellant also contends that the trial judge lacked "jurisdiction" to enter findings of fact, conclusions of law, and the judgment. The record shows that the judge who heard this matter ordered on January 3, 1974, that judgment be entered for respondent and that respondent's counsel prepare findings of fact and conclusions of law. For some unexplained reason, counsel failed to prepare these documents before his death in November of 1975. On September 14, 1976, respondent obtained new counsel, who ascertained that findings and conclusions had never been submitted. This counsel initiated proceedings to obtain a final judgment.[2]

[1]Appellant even admits at one point in his opening brief that respondent presented evidence as to the reasonable value of the extra work.

[2]Although neither party raises the issue, we note that the findings should have been prepared and presented within 15 days of the court's order (Cal. Rules of Court, rule 232). The findings here were not timely. However, the trial court held a hearing on this matter and denied appellant's motion to dismiss the complaint on the ground there was no jurisdiction to enter findings and judgment. The denial of this motion is an implied finding under rule 232(i) that good cause existed for failure to prepare and present the findings in a timely fashion. The testimony of respondent's vice president as to the conduct of the original trial counsel is sufficient to support such a determination.

In the meantime, the trial judge retired on September 30, 1975. He was subsequently appointed by the Judicial Council and the Chief Justice of California to hear this matter "to its final determination." The judge held hearings and on October 21, 1976, he executed findings and conclusions in favor of respondent. Judgment was filed on October 25, 1976.

Appellant relies on two cases for the proposition that because the judge had not signed findings and conclusions prior to his retirement, he was without jurisdiction to do so subsequently (see *Broder* v. *Conklin* (1893) 98 Cal. 360, 362-363 [33 P. 211]; *Cohn* v. *Rosenberg* (1943) 62 Cal.App.2d 140, 146 [144 P.2d 399]). While there is language in these two cases which supports appellant's position, we do not find them to be determinative. For example, the language in *Cohn* is merely dicta; it was not supported by citation of authority; and our research reveals no other case that has cited it. Additionally, the facts in both cases are different as neither involves a judge who was reappointed to office pursuant to article VI, section 6 of the California Constitution after the expiration of his original term.

■ Section 6 provides that a retired judge may be assigned to any court by the Chief Justice, and the power of the Chief to reappoint a formerly retired judge has been established (see *Estate of Zahn* (1971) 16 Cal.App.3d 106, 116 [93 Cal.Rptr. 810], cert. den., 404 U.S. 938 [30 L.Ed.2d 251, 92 S.Ct. 269]). Once a judge is so appointed, he has "judicial authority" (see *Martello* v. *Superior Court* (1927) 202 Cal. 400, 406 [261 P. 476]).[3] The question thus becomes whether a trial judge who had a case pending before him at the time of his retirement can decide it after his reappointment by the Chief Justice for the specific purpose of hearing the case to its final determination. We have concluded that he can.

It is generally true that a judge's power to decide cases ends when his term of office ends. However, a judge may be permitted by Constitution or statutes to exercise powers that he would otherwise have lost when his term ended (see *Reimer* v. *Firpo* (1949) 94 Cal.App.2d 798, 800-801 [212 P.2d 23]). Several cases have recognized that a judge's powers to decide cases pending before him do not end at the expiration of his term so long as the judge is reelected or reappointed to a new term (see *Gartlan* v. *C. A. Hooper & Co., supra,* 177 Cal. 414, 429; *Bartholomae Oil Corp.* v.

---

[3]Appellant is technically incorrect in arguing that the trial judge lacked "jurisdiction" to conclude the case. Jurisdiction over the case remained in the superior court after the judge's retirement (see Code Civ. Proc., § 184; *Gartlan* v. *C. A. Hooper & Co.* (1918) 177 Cal. 414 [170 P. 1115]; 1 Witkin, Cal. Procedure (2d ed. 1970) Courts, § 35, p. 317). Thus, it is more appropriate to talk about the judge's "authority" to decide a particular case.

*Superior Court* (1941) 18 Cal.2d 726, 729-730 [117 P.2d 674]).[4] Although these cases do not discuss article VI, section 6, they support the conclusion that section 6 provides the jurisdiction and authority exercised by the lower court.

Judgment affirmed.

Taylor, P. J., and Rouse, J., concurred.

---

[1]Although shorter periods between the end of one term and the start of another were involved in these cases, we see no reason why a longer period should lead to any different conclusion so long as there is no prejudice and the judge who heard the matter finally decides it. Appellant does not allege any such prejudice, and the record discloses none.