[Civ. No. 18258. Third Dist. Dec. 20, 1979.]

COLEMAN E. STEWART, Plaintiff and Appellant, v.
ROSE ELIZABETH BIRD, as Chairperson, etc., et al., Defendants
and Respondents.

---

COUNSEL

Coleman E. Stewart, in pro. per., for Plaintiff and Appellant.

George Deukmejian, Attorney General, and Jeffrey J. Fuller, Deputy Attorney General, for Defendants and Respondents.

---

OPINION

**REYNOSO, J.**—Is a former justice court judge not eligible for retirement benefits, nonetheless eligible for assignment to any court as a "retired" judge? Such a judge, we conclude, is not "retired" and thus not eligible. Plaintiff Coleman E. Stewart appeals from a judgment entered on the pleadings on his complaint for declaratory relief against defendants Rose Elizabeth Bird, as Chairperson of the Judicial Council

of the State of California, and the Judicial Council of the State of California; the trial court determined that he is not available for assignment to duty as a retired judge.

## I

In his complaint for declaratory relief plaintiff alleges that he is a retired judge of the Lincoln Judicial District Court, having retired at the end of his term of office on December 31, 1976, and that he is a duly licensed attorney at law. In December 1976 plaintiff notified the director of the courts for the State of California and the acting secretary of the Judicial Council, that he would be available for assignment as a retired judge. Plaintiff was informed that there was a constitutional restriction against the assignment of justice court judges who are not participating in the Judges' Retirement Fund. Plaintiff sought a declaration that he is eligible for assignment to the courts of the State of California.

After defendants answered the complaint, plaintiff moved for judgment on the pleadings. A stipulation was entered into which provided: (1) Plaintiff is not a member of any retirement system or plan, membership in which is based upon his service as a judge of the Lincoln Judicial District, County of Placer; and (2) plaintiff is not now receiving, nor has he ever received, any retirement benefits or payments of any kind as a result of his service as judge of the Lincoln Judicial District.

The trial court denied the motion for judgment on the pleadings and granted judgment to defendants holding that plaintiff is not entitled to serve as a judge under assignment by the Chief Justice of the Supreme Court. Plaintiff appeals.

## II

Plaintiff contends that he is eligible under the Constitution of the State of California and applicable statutes to be assigned to any court in the state. Plaintiff's contention arises from his self-designation as a retired judge of a justice court. That self-designation is incorrect.

The Constitution of the State of California, article VI, section 6, provides that the Chairperson of the Judicial Council shall seek to expedite

judicial business and to equalize the work of judges and in doing so may provide for the assignment of any judge to another court but only with the judge's consent if the court is of lower jurisdiction. The final sentence of that section states: "A retired judge who consents may be assigned to any court." Government Code section 68543.5 provides for the compensation of a retired judge assigned to sit in a court. That section provides, inter alia, "Whenever a judge retired as such under the Judge's Retirement Law is assigned to sit in a court, he shall be compensated while so sitting at a rate equal to 92 percent of the full compensation of a judge of the court to which he is assigned. A retired judge of a justice court assigned to sit in a court shall be compensated while so sitting at the full compensation of a judge of the court to which he is assigned."

Prior to 1961 Government Code section 75081 provided that judges retired pursuant to the Judges' Retirement Law remained judicial officers of the state but could not exercise any powers of a justice or judge except while under assignment to a court. That section further provided that any such retired judge could, with his consent, be assigned to sit in a court. That section was repealed in 1961 and replaced by Government Code section 68543.5, *supra.* (Stats. 1961, ch. 681, § 6.) Plaintiff notes that a judge of a justice court is not eligible to retire under the Judges' Retirement Law (Gov. Code, § 75002), and thus retired justice court judges were not eligible for assignment to a court prior to 1961. Plaintiff argues, however, that the 1961 change in the law deleted the requirement that the retired judge be retired under the Judges' Retirement Law, and specifically provided for the assignment of retired justice court judges.

Plaintiff's logic thus far is unassailable. It was clearly the intent of the Legislature in enacting Government Code section 68543.5 and repealing section 75081, to provide for the assignment of retired justice court judges. That change, however, does not necessarily render plaintiff eligible for assignment. As the defendants point out, the crucial issue is whether plaintiff qualifies as a "retired judge of a justice court." Plaintiff contends that defendants admitted that he is a retired judge of the justice court. Such is not the case. By their answer defendants stated that they lacked sufficient information and belief to answer plaintiff's allegation that he is a retired judge, and thus they denied that allegation. Before the motion for judgment on the pleadings was heard the parties stipulated that plaintiff is not a member of any retirement system due to his service as a justice court judge, and that he is

not and has not received any retirement benefits or payments due to his service as such a judge. The question thus becomes whether, on these facts, plaintiff is a retired judge within the meaning of the applicable constitutional and statutory provisions.

The Judges' Retirement Law specifies a combination of age and years of service in order for a judge to be eligible for retirement. (Gov. Code, § 75025.) A justice court judge is not eligible for retirement under the Judges' Retirement Law. (Gov. Code, § 75002.) He is, however, an employee of the county in which he serves and eligible, upon fulfilling the requirements, for retirement under the Public Employees' Retirement System. (Gov. Code, § 31469.) In order to retire under that system, an employee must meet certain age and length of service requirements. (Gov. Code, § 20950 et seq.) The meaning of Government Code section 68543.5 thus becomes clear: In order for a former judge to be eligible for assignment he must either be retired under the Judges' Retirement Law or be a former justice court judge retired under the retirement plan of the county in which he was employed. Under the Public Employees' Retirement System "'Retirement' means withdrawal from active service with a retirement allowance granted under this part." (Gov. Code, § 20035.) Plaintiff has not met the requirements to allow him to retire under any retirement plan, and thus he is merely a former justice court judge and not a retired justice court judge within the meaning of the statutory and constitutional provisions we have discussed. Hence, he is not eligible for assignment.

Our conclusion is in accordance with the standard meaning the Legislature gives to the word "retired." We have noted that under the Public Employees' Retirement System "retired" means withdrawn from active service with a retirement allowance. (Gov. Code, § 20035.) Under the Education Code "retirement" means withdrawal from membership with a retirement allowance. (Ed. Code, § 22148.) A "retirant" is a former member who has been retired for service or disability and is receiving a retirement allowance. (Ed. Code, § 22149.) Likewise, under the Legislators' Retirement Law "retirement" means withdrawal from membership in the system with a retirement allowance. (Gov. Code, § 9351.1.) Such legislative definitions of the meaning of retirement compel the conclusion that the Legislature used the word "retired" in a like manner in Government Code section 68543.5.

Any other construction would lead to unreasonable results. Under the Judges' Retirement Law a judge of the municipal or superior court or a

justice of the Court of Appeal or Supreme Court must meet certain minimum age and length of service requirements in order to retire. (Gov. Code, §§ 75025, 75033, 75033.5.) Unless a judge or justice has fulfilled such age and length of service requirements he may not retire under the Judges' Retirement Law and hence is not eligible for assignment. Under the interpretation urged by plaintiff a former justice court judge would become eligible for assignment to any court without regard to his age or length of service. It is inconceivable that the Legislature would have intended such a result.

■ We conclude that although the Legislature did amend the Government Code to provide for the assignment of retired justice court judges, it did limit eligibility for assignment to those former justice court judges who are "retired." In order for a former justice court judge to be retired and hence eligible for assignment, he must have met the age and length of service requirements of the retirement plan of the county in which he was employed and have withdrawn from active service with a retirement allowance. Since plaintiff has not met these requirements he is not eligible for assignment under Government Code section 68543.5.

The judgment is affirmed.

Paras, Acting P. J., and Evans, J., concurred.

A petition for a rehearing was denied January 18, 1980, and the opinion was modified to read as printed above.