OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | No. 89-904 |
| of | : | December 14, 1989 |
| JOHN K. VAN DE KAMP<br>Attorney General | : | |
| RODNEY O. LILYQUIST<br>Deputy Attorney General | : | |

THE HONORABLE WILLIAM E. DAVIS, DIRECTOR OF THE ADMINISTRATIVE OFFICE OF THE COURTS FOR THE JUDICIAL COUNCIL OF CALIFORNIA, has requested an opinion on the following question:

May a retired judge serving on a superior court by assignment of the Chief Justice lawfully be paid a $250 to $350 per diem fee by the county for his or her services if the judge waives acceptance of the compensation specified in Government Code section 68543.5?

CONCLUSION

A retired judge serving on a superior court by assignment of the Chief Justice may not lawfully be paid a $250 to $350 per diem fee by the county for his or her services even if the judge waives acceptance of the compensation specified in Government Code section 68543.5.

1

ANALYSIS

Retired judges may be assigned by the Chief Justice of the Supreme Court to sit upon any of the courts of the state. (See *Stewart* v. *Bird* (1979) 100 Cal App.3d 215, 217-218; *Western Sierra, Inc.* v. Ramos (1979) 97 Cal.App.3d 482, 486; *Estate of Zahn* (1971) 16 Cal. App.3d 106, 116.) Section 6 of article VI of the Constitution provides in part:

"The Chief Justice shall seek to expedite judicial business and to equalize the work of judges. The Chief Justice may provide for the assignment of any judge to another court but only with the judge's consent if the court is of lower jurisdiction. A retired judge who consents may be assigned to any court."

The Legislature has provided for the compensation of retired judges who accept temporary judicial assignments. (See *Waite* v. *Waite* (1972) 6 Cal.3d 461, 471; *Stewart* v. *Bird*, *supra*, 100 Cal.App.3d 215, 218.) Government Code section 68543.5[1] states in part:

"Whenever a judge retired as such under the Judges' Retirement Law is assigned to sit in a court, he or she shall be compensated while so sitting at a rate equal to 92 percent of the full compensation of a judge of the court to which he or she is assigned. . . .

"If such compensation is greater than his or her retirement allowance, his or her retirement allowance shall be suspended so long as he or she receives such compensation. If such compensation is less than his or her retirement allowance, his or her retirement allowance shall continue to be paid while he or she receives such compensation but only in an amount equal to the difference between such compensation and the retirement allowance to which he or she would otherwise be entitled.

"If a judge retired under the Judges' Retirement Law is assigned to sit in a court, the 8-percent difference between the compensation of the retired judge while so assigned and the compensation of a judge of the court to which assigned shall be paid to the Judges' Retirement Fund.

"When assigned to sit in a county other than that in which he or she resides, he or she shall also be allowed his or her necessary expenses for travel, board, and lodging incurred in the discharge of the assignment. Such expenses, if any, shall be chargeable as follows:

---

[1] All references hereafter to the Government Code are by section number only.

2

"(a) When the assignment is to the Supreme Court or a court of appeal, to the state.

"(b) When the assignment is to a superior, municipal, or justice court, to the county.

"When assigned to sit in the county in which he or she resides, he or she shall be allowed his or her necessary and reasonable expenses for travel, parking, and board incurred in the discharge of the assignment for and during any period that he or she waives salary or other compensation except his or her retirement allowance.

"Notwithstanding the above provisions pertaining to compensation, a retired judge on senior judge status shall receive compensation from the state as provided in Sections 75028 and 75028.2, and shall be allowed necessary expenses for travel, board, and lodging incurred in the discharge of the assignment as provided in this section."

We are informed that several counties in California are experiencing difficulty in providing a sufficient number of superior court judges to meet the needs placed upon their courts. One possible solution would be for the Chief Justice to assign retired judges residing within or outside the county to hear cases on a temporary basis. The counties are finding, however, that the amount of compensation set by the Legislature in section 68543.5 is insufficient to attract the number of retired judges necessary to serve. Accordingly, the counties are contemplating the payment of a $250 to 350 "per diem fee" instead of the amount specified in section 68543.5. Though called a "per diem fee" the $250 to $350 would be compensation for services. It is not proposed or contended that the per diem fee would be to reimburse the retired judges for "necessary and reasonable expenses for travel, parking, and board incurred in the discharge of the assignment" under the terms of section 68543.5. Under the proposal, the retired judges would waive acceptance of the statutory compensation but keep their retirement allowances. The question presented for resolution is whether the counties may provide the retired judges with the proposed compensation. We conclude that they may not.

Section 19 of article VI of the Constitution states in part: "The Legislature shall prescribe compensation for judges of courts of record." In *Sevier* v. *Riley* (1926) 198 Cal. 170, the Supreme Court analyzed this constitutional provision in the form that it had when originally added to the Constitution ["The compensation of the justices or judges of all courts of record shall be fixed and the payment thereof prescribed by the legislature"]. The court stated:

"There is no room for doubt as to the interpretation to be given to this clause in said amendment to the constitution, since it makes manifest as clearly and tersely as words could do the intent of the framers thereof that the entire matter of the compensation of justices and judges of courts of record in this state, both as to the amount thereof and as to the time and manner of payment thereof, should be . . . reposed in the legislature." (*Id.,* at pp. 174-175.)

A number of other authorities support *Sevier* and the conclusion that the Legislature has total control over the amount of compensation to be paid superior court judges, including retired judges sitting by assignment. (See *Pickens* v. *Johnson* (1954) 42 Cal.2d 399,407; *Crawford* v. *Payne* (1936) 12 Cal.App.2d 485, 487; *Simpson* v. *Payne* (1926) 79 Cal.App. 780, 785; 31 Ops.Cal.Atty.Gen. 29, 30 (1958); 12 Ops.Cal.Atty.Gen. 237, 237-238 (1948).)

Indeed, it has been repeatedly observed that the use of the word "prescribe" in the Constitution means that the duty cannot be delegated to anyone else. (See *People* v. *Johnson* (1892) 95 Cal. 471, 474-475; *Zumwalt* v. *Superior Court* (1989) 198 Cal.App.3d 833, 844; *County of Madera* v. *Superior Court* (1974) 39 Cal.App.3d 665, 669-670; 61 Ops.Cal.Atty.Gen. 388, 390 (1978); 58 Ops.Cal.Atty.Gen. 696, 698 (1975); 56 Ops.Cal.Atty.Gen. 315, 316 (1973).) As we said, for example, in 59 Ops.Cal.Atty.Gen. 496, 497 (1976):

"Because of the use of 'prescribe' the Legislature cannot delegate the authority granted to it by Article VI, section 19 of the Constitution. Any attempt to make such a delegation would be invalid."

The Legislature has exercised its plenary authority over the amount of compensation to be paid to superior court judges throughout the state. It is a uniform amount (§ 68202) adjusted annually (§ 68203). While each county is directed to pay a portion of the fixed amount (§ 68206), no county is given discretion to deviate from the specified formula.

In this context, then, we see that the compensation paid to retired judges is not only fixed by the Legislature in section 68543.5 but is also uniform throughout the state. No county is free to adopt its own compensation level for judges serving in the courts of record in the county. Not only is statutory authority lacking (see *People* v. *Langdon* (1976) 54 Cal.App.3d 384, 390; *County of Madera* v. *Superior Court, supra,* 39 Cal.App.3d 665, 669-670; 70 Ops.Cal.Atty.Gen. 227, 230 (1987); 68 Ops.Cal.Atty.Gen. 173, 179 (1985)) but whatever constitutional authority a county may have over "local" matters must give way to the specific provisions of article VI of the Constitution regarding the compensation of judges (see *County of Madera* v. *Superior Court, supra,* 39 Cal.App.3d 665, 669-670; *Simpson* v. *Payne, supra,* 79 Cal.App. 780, 785-786; 63 Ops.Cal.Atty.Gen. 151,152 (1980).)[2]

---

[2] Superior court judges are, of course, officers of the state. (Cal. Const., art. VI, §§ 1, 16; *Olson* v. Cory (1980) 27 Cal. 3d 532, 543; *Gould* v. *People* (1976) 56 Cal. App. 3d 909, 921; 61 Ops. Cal. Atty. Gen.

4

Accordingly, while we agree that a retired judge may waive receipt of the compensation specified in section 68543.5 (see *City of Ukiah* v. *Fones* (1966) 64 Cal.2d 104, 109-110; *O'Sullivan* v. *City & County of S. F.* (1956) 145 Cal.App.2d 415, 417-418; 68 Ops.Cal.Atty.Gen. 7, 10-11 (1985); 66 Ops.Cal.Atty.Gen. 176, 181 (1983); 60 Ops.Cal.Atty.Gen. 23, 24 (1945)), and previously have so concluded (40 Ops.Cal.Atty.Gen. 54 (1962)), such waiver would be irrelevant for purposes of article VI of the Constitution and the statutes implementing its directive.

All the authorities relating to the present inquiry are in agreement. The Constitution gives the Legislature complete control over the amount of compensation to be paid superior court judges, including retired judges sitting by assignment of the Chief Justice. While the amount specified in section 68543.5 may be waived in whole or in part by a retired judge, counties have no authority to establish a different and greater amount of compensation.[3] Denominating the compensation as a "per diem fee" does not change the character of the payments that would be made; they would still constitute compensation for services rendered.

In answer to the question presented, therefore, we conclude that a retired judge serving on a superior court by assignment of the Chief Justice may not lawfully be paid a $250 to $350 per diem fee by the county for his or her services even if the judge waives acceptance of the compensation specified in section 68543.5.

———

388, 389 (1978); 58 Ops. Cal. Atty. Gen. 695, 697 (1975).

[3] Based upon the amount of the retirement allowances for retired judges (§ 75076; see Cal. Const., art. VI, § 20) and the amount of compensation for sitting superior court judges (§§ 68202-68203), we note that the $250 to $350 per diem fee proposed by the counties is significantly greater than the compensation authorized by section 68543.5 for retired judges sitting by assignment. Although the payment of the proposed amount may be cost-effective for a county, it is for the Legislature to so authorize.