Filed 8/14/13

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| MICHAEL G. KING et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>CHUNG H. WU et al.,<br><br>    Defendants and Respondents. | B239801<br><br>(Los Angeles County<br>Super. Ct. No. YC060847) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dudley W. Gray II, Judge.  Reversed.

Hennelly & Grossfeld and Michael G. King for Plaintiffs and Appellants.

Law Offices of Bennett A. Rheingold and Bennett A. Rheingold for Defendants and Respondents.

———————————————

Michael and Linda King brought action to quiet title over a strip of land on their neighbors' property over which they claimed to have obtained a prescriptive easement. The trial court granted their neighbors' summary adjudication motion. We reverse.

**FACTUAL AND PROCEDURAL BACKGROUND**

Fred and Viola Fluckiger bought their property on June 24, 1960. Shortly thereafter they poured a concrete driveway partly encroaching on the neighboring property. The strip of driveway on the neighboring property ("prescriptive strip") is approximately eight inches wide and ninety feet long. The Kings bought the Fluckiger lot in July 1994. They used the concrete driveway for ingress and egress to their garage and for parking in the rear of the driveway.

On March 29, 1963, Chung H. Wu, Cindy Wu, and Yu Tsen Wu, as Trustee of the Chung Han Wu Revocable Trust of 1993 (the "Wus") became the owners of the property neighboring the Fluckigers. On October 16, 2009, they began constructing a metal guardrail over the prescriptive strip. Three days later the Kings filed a complaint seeking to quiet title over the prescriptive strip and asserting claims for trespass and declaratory relief. The Wus' answer claimed in an affirmative defense that the Wus had not had a possessory interest in their property until 2008. The Wus also filed a cross-complaint seeking injunctive relief and damages for trespass.

On June 17, 2011, the Wus moved for summary adjudication on the Kings' prescriptive easement and declaratory relief claims. To establish their affirmative defense, the Wus presented declarations by Yu Tsen Wu and accountant Keith Schulberg. Yu Tsen Wu declared that when she married her husband on June 9, 1966, the property was already rented out. According to her, the property was "continuously rented out" to a number of tenants with some "brief vacancies" of less than one year between June 1966 and August 2008. Schulberg opined that the Wu property was not rented for a period of one year, 10 and a half months between March 29, 1963, and mid-February 1965, and that it was continuously rented thereafter.

On September 9, 2011, the trial court granted the summary adjudication motion. The court concluded that the Wus had established an affirmative defense because they or their predecessors had not been in possession of the property for five continuous years during the Kings' and Fluckigers' 49-year use. The Kings voluntarily dismissed their trespass claim with prejudice, and the Wus dismissed their injunctive relief claim with prejudice. The Wus' remaining cross-claim was heard in October 2011, and a final judgment resolving all claims was entered in January 2012. The Kings filed a timely appeal on March 13, 2012.

## DISCUSSION

We review the grant of summary adjudication *de novo*. (*West Shield Investigations & Security Consultants v. Superior Court* (2000) 82 Cal.App.4th 935, 946.)

A motion for summary adjudication can be granted "only if it completely disposes of a cause of action, an affirmative defense, a claim for damages, or an issue of duty." (Code of Civ. Pro., § 437c (f)(1).) The moving party bears the initial burden of production to make a prima facie showing that no triable issue of material fact exists. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) A defendant can meet his or her burden if he or she shows that one or more elements of the cause of action cannot be established or that an affirmative defense bars that action. (Code of Civ. Pro., § 437c (p)(2).) If so, the burden shifts to the plaintiff to demonstrate a triable issue of material fact. (*Ibid.*)

The Wus failed to meet their burden of proof because they could neither establish an affirmative defense nor demonstrate that the Kings had not obtained a prescriptive easement. To obtain a prescriptive easement, the Kings or their predecessors must have used the property "for the statutory period of five years, which use has been (1) open and notorious; (2) continuous and uninterrupted; (3) hostile to the true owner; and (4) under claim of right." (*Mehdizadeh v. Mincer* (1996) 46 Cal.App.4th 1296, 1305.) The Wus made no attempt to prove that any of these elements was unsatisfied. Instead, they

3

argued that they had an affirmative defense because they and their predecessors had not been in continuous possession of the Wu property for five years.

California law does not require the actual owners of the adversely used land to have been in continuous possession for five years. (See *Gartlan v. C.A. Hooper & Co.* (1918) 177 Cal. 414, 428-429.) If at any point during the adverse use an owner or a landlord has been in possession, including constructively at the expiration of a renewable lease, he or she could and should have taken action to interrupt such use. (*Id.* at p. 428.) As a result, the fact that a prescriptive right cannot arise against an owner or landlord who has no possessory interest in the property during the period of adverse use, does not impact this case. (*Dieterich Internat. Truck Sales, Inc. v. J. S. & J. Services Inc.* (1992) 3 Cal.App.4th 1601; Civ. Code, §741 [an action obtained solely against a landlord's tenants cannot affect his or her rights].)

The Wus' own evidence demonstrates that the current case does not fall within the *Dieterich* limitation. The Wus were in actual possession of their property for nearly two years between 1963 and 1965 and for a period of almost a year between 1966 and 2008. Additionally, Yu Tsen Wu declared that the Wus had a number of tenants over the years. As a result, the Wus had constructive possession at the expiration of each of the various leases.

Because the Wus did not provide any evidence that the Kings could not satisfy an element of the prescriptive easement claim and because they did not establish a valid affirmative defense, the Wus did not meet their burden. Therefore, the summary adjudication should not have been granted.

## DISPOSITION

The judgment is reversed.  The Kings shall recover their costs on appeal.


ZELON, J.


We concur:



PERLUSS, P. J.



SEGAL, J.*



\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.